Joyce Lee Lewis GARRETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 031–82.

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1982.

Stephen E. Vangaasbeck, San Antonio, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

This is an appeal from a conviction for the offense of murder. The court assessed punishment at imprisonment for thirty-five years.

The San Antonio Court of Appeals reversed the conviction on the basis that the trial court's failure to apply the law of transferred intent to the facts of the case constituted fundamental error. *Garrett v. State,* 624 S.W.2d 953 (Tex.App.—San Antonio 1981). For the following reasons we cannot agree.

Briefly stated, the situation before us is one in which the appellant, while engaged in a heated argument with a third person, fired a rifle into a trailer home, killing the deceased who was inside the trailer. There had apparently been no animosity between appellant and the deceased, and no allegation has been made that appellant intended to shoot the deceased.

Appellant was indicted for the offense of murder under V.T.C.A. Penal Code, Sec. 19.02(a)(1).[1]

In conformity with V.T.C.A. Penal Code, Sec. 6.04, the court's charge to the jury contained a paragraph defining transferred intent which read:

"A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what she desired, contemplated, or wished is that a different person was injured harmed, or otherwise affected."

Although this definition was placed after the application paragraph relating to the murder charge, the law of transferred intent was never specifically applied to the facts of the case dealing with the offense of murder, or to the facts of the case relating to the lesser included offenses of voluntary manslaughter or involuntary manslaughter.

The Court of Appeals concluded that the trial court's treatment of transferred intent constituted fundamental error because: first, although it was properly defined, the law of Sec. 6.04(b)(2) was not applied to the facts in the murder portion; and second, Sec. 6.04(b)(2) was neither defined nor applied to the facts in the manslaughter portion. Since it was neither raised at trial nor alleged on appeal, the Court of Appeals reached this issue on its own motion as unassigned error.

In *Romo v. State,* 568 S.W.2d 298 (Tex.Cr. App.1978) (Opinion on the State's Motion for Rehearing), the Court dealt with the question of whether a charge to the jury which failed to apply the law of parties to the facts of the case was fundamentally defective. In holding that in the absence of an objection, such an omission is *not* fundamental error the Court stated:

"A charge on the law of parties enlarges a defendant's criminal responsibility. The charge benefits the State and not the defendant. See *Ransonette v. State,* 550 S.W.2d 36, 42 (Tex.Cr.App.1977). In a case where a charge on the law of parties is applicable, it is usually the State that insists on and is entitled to have such a charge, including an application of the

---

1. The indictment read in pertinent part as follows:

"Joyce Lee Lewis Garrett did, then and there knowingly cause the death of an individual, Betty Lynn Bennett, by shooting her with a gun, ..."

law to the facts, submitted to the jury. Such a charge fits the State's theory of a case when, as in this case, a co-defendant is the principal actor and the defendant is guilty, if at all, as a party because he solicited, encouraged, directed, aided, or attempted to aid the co-defendant. However, if the court fails to apply the law of parties to the facts of the case, it might be better trial strategy for the defense counsel not to ask for such a charge. It might very well be to the benefit of such a defendant not to have the State's theory so clearly blue-printed and delineated by a charge applying the law of parties to the facts....

"Here, the appellant did not request that a charge be submitted applying the law of parties to the facts, and the appellant did not object to the court's charge because it failed to apply the law of parties to the facts. In these circumstances, the court did not commit fundamental error in failing to apply the law of parties to the facts of the case....

"In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case, but the failure to do so is not reversible error unless there is a timely and sufficient objection to the court's charge or a specially requested charge is timely filed." 568 S.W.2d at 302, 303.

■ The situation in *Romo,* supra, is analogous to that at bar. A charge on transferred intent is by its nature favorable to the State and detrimental to the defendant. With the provisions of Sec. 6.04(b)(2) omitted from the charge, the prosecution is presented with the greater burden of proving a "knowing" act in which the defendant was aware that her conduct was reasonably certain to cause the *actual* result rather than merely the desired result. V.T.C.A. Penal Code, Sec. 6.03(b).

It would seem quite possible that a defendant might intentionally fail to object to a jury charge which omits a proper application of transferred intent in order to require the State to meet this greater burden.

Therefore, although a proper charge *should* correctly apply Sec. 6.04(b)(2), in this situation we cannot agree that the failure to do so constituted a fundamental defect requiring reversal.

Further, as to the Court of Appeals' holding that the failure to apply the law of transferred intent to the paragraphs dealing with voluntary and involuntary manslaughter constituted fundamental error, we must also disagree.

In *Thomas v. State,* 587 S.W.2d 707 (Tex. Cr.App.1979), the appellant was indicted for criminal attempt to commit murder and the jury was charged on attempted murder and the lesser included offense of aggravated assault. The appellant was found guilty of attempted murder but on appeal he complained of an erroneous charge on assault.

While affirming the judgment the Court held:

"When the jury found that the appellant was guilty of criminal attempt to commit murder it had no occasion to deliberate whether the appellant was guilty of the lesser included offense. The error in the charge on the lesser included offense, for which the appellant was not convicted, could not so have misled the jury as to constitute fundamental error." 587 S.W.2d at 708.

■ In the present case, appellant was convicted of the offense of murder. Although a proper charge on voluntary manslaughter and involuntary manslaughter would have contained the application of Sec. 6.04(b)(2), since appellant was convicted of murder any error could not constitute fundamental error under the logic of *Thomas,* supra.

For the foregoing reasons we reverse the judgment of the Court of Appeals and remand this cause to the court of appeals for consideration of appellant's grounds of error.

ONION, P.J., dissents.

ROBERTS, J., not participating.