**Brice Christopher CHATMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–207 CR.**

Court of Appeals of Texas, Beaumont.

April 8, 1992.

Rehearing Denied April 15, 1992.

Douglas Barlow, Beaumont, for appellant.

Tom Maness, Dist. Atty., R.W. Fisher, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Brice Christopher Chatman of murder and assessed punishment at forty-five years' confinement in the Texas Department of Criminal Justice, Institu-

tional Division. The judgment includes an affirmative finding of the use of a deadly weapon in the commission of the offense and cumulates the sentence with a twenty year sentence for attempted murder in Cause No. 56739. We will address appellant's three points of error out of order.

Point of error one challenges the trial court's denial of a challenge for cause of venireperson Walter Christian. Mr. Christian inquired about parole and indicated that he would be inclined to consider parole in assessing punishment. When asked if he would follow the court's instructions regarding parole, Mr. Christian stated that he would follow the law and would not consider knowledge he has gained from outside the case. Appellant urges error based on the trial court's denial of his motion to excuse the venireman for cause.

■ We find that appellant failed to follow the procedural steps necessary to present the issue for appellate review. Appellant must demonstrate that (1) the voir dire of the individual venireperson was recorded and transcribed; (2) at trial appellant asserted a clear and specific challenge for cause on clearly articulated grounds; (3) he used a peremptory strike on the venireperson who should have been excused for cause; (4) he exhausted his peremptory challenges; (5) he requested additional peremptory challenges; and (6) an objectionable juror sat on the case. *Harris v. State,* 790 S.W.2d 568, 581 (Tex.Crim. App.1989).

Appellant objected to the denial of his challenge for cause, as follows:

[By Defense Counsel:] We are going to object to Mary Burch in that we were forced to make—use a peremptory challenge on Walter Christian, who was number 12 on the jury panel, the one that we had requested be removed for cause. And if Mary Burch is to get on the jury then we would have exercised a peremptory challenge on her had the Court not forced us to use one on Walter Christian. If she is on the jury we would object on that basis.

We have the benefit of the individual voir dire of Mr. Christian. The record does not contain the strike lists for the state and the defense. From his objection, we can tell that appellant objected on a clear and specific ground, that appellant exercised a peremptory strike against Mr. Christian, and that an objectionable juror served on the jury. The record does not demonstrate that appellant exercised all of his peremptory strikes. He never requested an additional peremptory strike. Appellant cannot show harm in the absence of a request for additional strikes. Point of error one is overruled.

■ Point of error three urges reversible error occurred when the prosecutor argued to the jury that witnesses had been frightened from the courtroom. Appellant testified that his attorney gave him a list of eleven possible eyewitnesses and of those only Kerry Williams showed up. During closing argument defense counsel argued as follows:

Now, let's look at the witnesses that weren't brought in because I had told you it would be a little bit of a surprise to me. As I had told you in the beginning in voir dire, I expected this trial to be pretty long because we had been given the name of 15 witnesses that we expected to testify. As Mr. Chatman has stated, during our conversations before this trial when those witnesses were given to me I went and gave them to him. I said, "These are the guys. There's 11 people on this list." I said, "These are the guys that are going to say you are guilty, that are going to testify."

I've been in this business a while. And I have been lied to before. In my opinion, when I saw these 11 witnesses that were given to me that were eyewitness, that were supposed to come in here and testify that this happened, I said, "Let me tell you. Brice. I'm advising you right now if these people come in you are going to get found guilty. You had better plead guilty. That's your best shot." He said, "Mr. McLemore, I didn't do it." He said, "I'm sorry. I didn't do it." I looked at these 11 witnesses. I said, "Okay. This is the game that you want to play. Then all I'm here for is to do

my job. We'll let those 12 people decide what really happened on this."

Well, funny things happen in trials, don't they? If 11 witnesses were listed and best they can come up with was Kerry Williams, then I think that tells you what kind of case they've got here.

Next, the prosecutor argued as follows:

You know 11—He said there were 11 eyewitnesses out there. Maybe they were scared to come in here and testify today. Maybe they were threatened and told not to come. Maybe Kerry Williams—

[Defense Counsel:] Objection, your Honor. That's an invitation to speculation.

THE COURT: Overruled.

[Prosecutor:] Maybe they were scared to come here. Maybe they were threatened or told not to come. Maybe Kerry Williams was the only one who had guts enough to stand up to someone like that, someone if you don't buy their cocaine they will shoot you.

■ Jury arguments must be confined to the areas of (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim. App.1973). Since the point of error on appeal must have been raised at trial, we consider appellant's argument only as it pertains to a call to the jury to speculate. We agree that the prosecutor speculated on the reason why the eleven potential witnesses did not appear. While to some extent this argument was invited by the speculative and unsupported comments by defense counsel, defense counsel did not invite the state to speculate on where the witnesses were or why they did not appear at trial. Nevertheless, in light of the eyewitness testimony placing appellant in the back of the pickup truck shooting into the cab and the evidence of appellant's violent nature, we find that beyond a reasonable doubt the improper argument made no contribution to the conviction or the punishment assessed. TEX.R.APP.P. 81(b)(2). Point of error three is overruled.

■ Point of error two challenges the sufficiency of the evidence to support the conviction. The proper standard of appellate review is whether, viewing all of the evidence in the light most favorable to the verdict, any rational jury could have found all of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Appellant argues that the eyewitness' testimony identifying appellant as the shooter is contradictory. Appellant and a companion approached the truck occupied by the victim and Clarence Joseph Leonard. A drug transaction resulted in an argument over money. Mr. Leonard testified that someone jumped into the back of the truck and fired several shots into the vehicle. This person was identified as appellant by eyewitness Kerry Williams. The back window was shattered from the outside. Appellant's companion fired at least three shots at the decedent from outside of the driver's side of the truck. The police recovered spent shell casings in both .22 and .25 caliber. Appellant argues that those shots may have caused the victim's death. The pathologist testified that the cause of death was internal bleeding secondary to gunshot wounds to the trunk on the left flank. The pathologist found four gunshot wounds. Three bullets found in the body had entered the trunk on the left side and travelled from left to right. A fourth bullet travelled clear through the left arm. The victim was inside the truck on the driver's side, but there is no testimony as to his position within the vehicle as each shot was fired.

■ The charge included an abstract instruction on the law of parties. The application paragraph authorized the jury to find appellant guilty if it found appellant "either acting alone or as a party, as that term has been defined, intentionally or knowingly caused the death...." The recent cases from the court of criminal appeals, *Jones v. State*, 815 S.W.2d 667 (Tex. Crim.App.1991) and *Walker v. State*, 823 S.W.2d 247 (Tex.Crim.App.1991), did not contain any reference to the law of parties within the application paragraph of the

charge. In order to determine if *Jones* and *Walker* are distinguishable from the case before us, we must analyze the authority cited in *Jones: Oliver v. State*, 160 Tex. Crim. 222, 268 S.W.2d 467 (1954); *McCuin v. State*, 505 S.W.2d 827 (Tex.Crim.App. 1974); and *Apodaca v. State*, 589 S.W.2d 696 (Tex.Crim.App.1979).

*Oliver* was decided before the distinction between principals and accomplices was abolished by TEX.PENAL CODE ANN. § 7.01(c) (Vernon 1974). The evidence established that someone other than Oliver was the trigger man. The charge contained an abstract definition of the law of principals but failed to apply the law to the facts. The court stated:

> The circumstances are sufficient to support a finding that he was present and was acting with Moody Puckett, but the question of whether he was present and, knowing that Puckett intended to kill the Negro, advised or encouraged Puckett in the murder, was not submitted to the jury

*Oliver*, 268 S.W.2d at 470.

In *McCuin*, which was also decided under the old law of principals, the court held:

> [I]f the evidence introduced upon the trial of the cause shows, or raises an issue, that the conduct of the defendant then upon trial is not sufficient, in and of itself, to sustain a conviction, the State's case rests upon the law of principals and is dependent, at least in part, upon the conduct of another. In such a case, the law of principals must be submitted and made applicable to the facts of the case. Thus the Oliver rule will govern this fact structure.

*McCuin*, 505 S.W.2d at 830.

*Apodaca* applied the *Oliver* rule and reversed the conviction because the jury charge failed to apply the law of parties to the case. The State prosecuted on a theory that Apodaca acted as a party in that he solicited, encouraged, directed, aided or attempted to aid the actor. The charge contained an abstract definition of the law of parties. The application paragraph stated:

> Now, therefore, if you believe from the evidence beyond a reasonable doubt that on or about January 12, 1976, in El Paso County, Texas, the Defendant, *as a principal*, acting under the immediate influence of sudden passion, arising from an adequate cause, intentionally or knowingly, either (1) caused the death of Edward Figueroa, by driving a motor vehicle, to wit: an automobile, into and causing it to collide with a motor vehicle, to wit: a pickup truck, driven by the said Edward Figueroa, or (2) intended to cause serious bodily injury, *as a principal*, and committed an act clearly dangerous to human life, to wit: drove a motor vehicle, to wit: an automobile, into and causing it to collide with a motor vehicle, to wit: a pcikup (sic) truck, driven by the said Edward Figueroa that caused his death, you will in either of such cases find the Defendant guilty of Voluntary Manslaughter. (emphasis added)

*Apodaca*, 589 S.W.2d at 698.

Apodaca was a passenger in the vehicle driven by John Lewis. Even though there was an abstract definition of the law of parties and the application paragraph authorized the jury to convict if it found Apodaca acted as a party ("principal"), the charge was erroneous because nowhere in the charge was the jury required to find that John Lewis committed any criminal acts for which Apodaca could be held responsible, if at all, because of his encouragement or assistance of those acts.

We cannot distinguish *Apodaca*. We conclude that *Jones* and *Walker* are applicable. The charge is insufficient to raise the issue of parties before the jury. We must review the evidence to determine if the evidence is sufficient to support a finding that appellant is guilty by virtue of his conduct alone. We find no evidence which explains how a bullet fired from appellant's position could have entered the victim's trunk on the left side and travelled horizontally to the right side of his body. It appears the bullets came from the gun held by the person standing to the left of the driver. Thus, it appears that it was not appellant's sole conduct which caused the death of the victim.

*Apodaca* resulted in a remand because the error was charging error. *Garrett v. State,* 749 S.W.2d 784, 792 (Tex.Crim.App. 1986) precludes an analysis under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1985) (opinion on rehearing). We hold that the evidence is insufficient to demonstrate that appellant is guilty in a non-parties capacity. *Boozer v. State,* 717 S.W.2d 608, 611–12 (Tex.Crim.App.1984) invokes the doctrines of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) in situations where an erroneous charge places a greater burden upon the state than is warranted by the evidence, and the evidence is insufficient to support a verdict based upon that increased burden. We find no authority in the decisions of the Texas Court of Criminal Appeals which will alleviate this harsh result, even where the state's theory was based on the law of parties and the application paragraph attempted to authorize the jury to convict appellant as a party to the offense. Point of error two is sustained.

Points of error one and three are overruled. Point of error two is sustained and the judgment of the trial court reversed and remanded for entry of an order of acquittal.

REVERSED AND REMANDED.

BROOKSHIRE, Judge, dissenting.

This dissent respectfully submits that the charge of the court in this felony proceeding is meaningfully different and distinguishable from those cases relied upon by the majority opinion. The individualistic and even unique charge of the court on the guilt or innocence stage of this proceeding should and must be examined with meticulous care. Without repeating in toto the entire charge of the court, I respectfully submit that this appellate court must view it as the trial jury was required to do under the court's instructions. Importantly, murder was defined. The definition is:

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual.

In this particular felony prosecution, the definitions are important. The definitions and their importance are stressed by this charge of the court reading verbatim as follows:

So that you can better understand some of the words and terms used in the charge, *the law provides the following definitions:* (emphasis added)

Inter alia, the experienced trial court defined correctly the words "intentionally", "knowingly", the term "deadly weapon", the term "firearm", and, which is especially important to this appeal, the instruction on "parties to an offense".

"Parties to an offense" is charged as follows:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with the commission of the offense.

*A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.* (emphasis added)

*Mere presence alone at the scene of the alleged offense, if any, will not constitute one a party to the offense.* (emphasis added)

The important application of the law to the facts in the charge of the court reads as follows:

Now, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about March 25, 1991, the defendant Brice Christopher Chatman, either acting alone *or as a party,* as that term has been defined, intentionally or knowingly caused the death of an individual, namely: Lester Guillory, Jr., by shooting him with a deadly weapon, namely: a firearm, you shall find the defendant guilty of the offense of murder as alleged in the indictment. (emphasis added)

Unless you so find, or if you have a reasonable doubt thereof, you shall find the defendant not guilty.

Of importance is the portion of the application paragraph reading: "either acting alone or as a party, *as that term has been defined*". Above we have set out the charge on parties to an offense, not only is there juxtaposition here, but there is also actually application and especially incorporation and inclusion for the very simple and obvious reason that the charge says and mandates "the defendant Brice Christopher Chatman, either acting alone or as a party, as that term has been defined." Hence, within the application paragraph itself by its very language is included and incorporated this language: "[a] person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense."

A modern, intelligent jury can certainly follow the clear instructions, charges, definitions, and application paragraphs given by the trial court.

Stated in another manner, when the jury carefully considered the charge of the court, and especially the paragraph involving the application of the law to the facts, they necessarily had to come across these words: "the defendant Brice Christopher Chatman, either acting alone or as a party, as that term has been defined"; *I stress and as that term has been defined*, then that said definition is thereby included and incorporated into the application paragraph. The jury, following the instructions and mandates of the trial court, had to immediately and necessarily consider the definition, the pertinent part of which reads: "[a] person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense."

Hence, there is more than mere juxtaposition; there is an actual application and an actual inclusion and incorporation into the crucial paragraph of the charge of the court upon which the accused may, if the jury so finds beyond a reasonable doubt, be convicted of the offense charged. Clearly under the application paragraph, as it was framed and worded by the experienced trial judge below, the Honorable Larry Gist, there was more than a mere abstraction or an abstract instruction on the law of parties. This case, in practicality and in reality, is clearly distinguishable and meaningfully different from *Jones v. State*, 815 S.W.2d 667 (Tex.Crim.App.1991) and *Walker v. State*, 823 S.W.2d 247 (Tex.Crim.App. 1991). *Jones, supra*, and *Walker, supra*, simply did not contain any reference to the law of parties, or more appropriately stated, the instruction on the law of parties within the application paragraph of the charge.

Simply stated in *Jones, supra*, the Court took the position that the only theory upon which the appellant Jones could have been found guilty of *aggravated* robbery [emphasis theirs] is under the theory of parties, but the charge does not authorize conviction under that theory. Now, note that the charge, according to the Court of Criminal Appeals, does not authorize the conviction under that theory simply because there was no inclusion or incorporation of the law of parties into the application paragraph which is not the situation in the instant appeal.

But observe how significant it is that the High Court writes: "The only theory upon which appellant could be found guilty of *aggravated* robbery is under the theory of parties, but the charge does not authorize conviction on that theory." Now, immediately the Court of Criminal Appeals shifts gears. The very next sentence is: "We conclude that the evidence is insufficient to demonstrate that appellant was guilty of aggravated robbery in a non-parties capacity." In *Jones, supra*, the Court apparently relied upon *Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App.1984), and *Garrett v. State*, 749 S.W.2d 784 (Tex.Crim.App.1986).

The High Court, on former occasions, has held that to judge the true and actual

insufficiency of the evidence the reviewing court must look to the jury charge read as a whole. *See and compare Garrett v. State, supra,* at 803 (Opinion on rehearing). Indeed, the *Jones, supra,* Per Curiam opinion, if it can be so classified in view of the dissent, writes at 815 S.W.2d at 670 in substance that what can be gleaned and concluded from *Garrett,, Apodaca v. State,* 589 S.W.2d 696 (Tex.Crim.App.1979), and predecessor case law is that while it is correct to view the sufficiency of the evidence as against the 'entire charge,' *Garrett,* 749 S.W.2d at 802–803, a charge which fails to apply a theory of law to the facts of the case is insufficient to authorize conviction on that theory, even where the theory of law is abstractly defined in the charge. *Id.,* 749 S.W.2d at 789, n. 6. And the Court requoted the quotation: "Mere juxtaposition does not amount to authorization." *Ibid.*

But, here, I submit, in practicality, we have juxtaposition plus authorization plus inclusion plus incorporation in this case. And since the application paragraph, that is the application of the law to the facts paragraph, actually by inclusion and incorporation applies the law of parties, then this defendant is not deprived of a fair and impartial trial. Under Judge Gist's application paragraph the charge does not fail to state nor does it fail to apply the law under which the accused is actually prosecuted. The *Jones* case, 815 S.W.2d at 670, Per Curiam—if there can be such a thing with two concurrences and with two dissents—states:

> We are required to measure the evidence against the jury charge. *Garrett,* 749 S.W.2d 784; *Ortega,* 668 S.W.2d 701; *Arceneaux v. State,* 803 S.W.2d 267 (Tex. Cr.App.1990).

This writer would respectfully submit that we are required to measure the evidence against the entirety and all the parts, diktats and definitions included in the application paragraph; and in doing so certainly Chatman, here, is not deprived of a fair and impartial trial.

In *Boozer v. State, supra,* the Court considered a charge containing an abstract instruction to the jury that a witness was an accomplice as a matter of law. Therein the Court of Criminal Appeals reaffirmed the holding in *Benson v. State,* 661 S.W.2d 708 (Tex.Crim.App.1982), writing that: "the sufficiency of the evidence is [to be] measured by the charge *that was given." Boozer, supra,* at 610. In the instant case, the charge "that was given" actually incorporated and included the law of parties properly in the very application of the law to the facts paragraph itself. In *Jones, supra,* at 674 the Court specifically quoted from *Garrett, supra,* and recited that:

> This would be a misapplication of the rule announced in [*Boozer, Ortega* and *Benson.* These cases] hold that sufficiency of the evidence be measured against the jury charge, *which we interpret to mean the entire charge. Garrett,* 749 S.W.2d at 802–803 (citations and footnote omitted; emphasis added).

Hence, it is correct to look to the entire charge, but especially in the instant case at the appellate level to the entirety of the application paragraph itself. Indeed, a charge must be treated in its entirety and regard must be properly given to the connection and the interdependence of its several parts. *See and compare Nickerson v. State,* 782 S.W.2d 887, 891 (Tex.Crim.App. 1990). Under either approach, whether the reviewing court should look to the charge as a whole or look to the entirety of the application paragraph, the evidence in this record, in my opinion, authorizes a conviction of the accused and upholds the verdict of the jury and the judgment of the district court. Obviously then, the jury's finding of necessary, sufficient evidence to support the elements of the offense satisfies the constitutional dictates of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *inasmuch as Jackson is satisfied if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."* 443 U.S. at 319, 99 S.Ct. at 2789. Also, here, the conviction was authorized by the charge as a whole and especially by the application paragraph of the court's charge to the jury. Therefore, the jury's finding of guilt is both authorized and correct. It

is in conformity with the State's theory of the case and with the charge as a whole and indeed, with the actual application paragraph as written. Judge White, in his noble, inspired dissent in *Jones, supra,* wrote:

Today an aggressive and assertive majority of this Court indicates that intelligent jurors in Texas cannot read plain English and then use common sense during their deliberations in criminal trials. [footnote omitted]

Judge White concludes:

I respectfully dissent because the aggressive and assertive majority turns the jury system upside down.

But even the Per Curiam, or majority, opinion in *Jones, supra,* states:

*Garrett* is one in a long line of cases which stand for the proposition that the application paragraph of a jury charge is that which authorizes conviction, and an abstract charge on a theory of law which is not applied to the facts is insufficient to bring that theory before the jury.

In the instant case, Judge Gist, in his application paragraph, required and forced the jury by the very words thereof to consider and apply the law of parties to the facts in this case in the very application paragraph. Is it really an insufficiency of the evidence? No, it is not. Had the charge spelled out or respelled out the law of parties in accordance with the suggested form, then undoubtedly the conviction would have been upheld in the instant appeal.

It is interesting to note that in the case of *Walker v. State,* 823 S.W.2d 247 (Tex. Crim.App.1991), the Court of Criminal Appeals in a Per Curiam opinion writes this important sentence:

The application paragraph tracked the language of the indictment but failed to include any reference to the immediately preceding general parties instruction.

But this is not the case at all in Chatman, the case at bar, simply because the trial judge actually incorporated and included the entire law of the parties within the application paragraph itself.

Indeed, in *Walker, supra,* the Court in its Per Curiam opinion made an excellent summary of its holding in *Jones, supra.* The holding was as follows:

[W]e held that in order for the jury to be authorized to convict one as a party, the law of parties must be included in the application paragraph of the charge.

For all practical purposes and by an express and mandatory reference, the law of parties was included in the application paragraph. Therefore, the Chatman charge certainly satisfies the language and rationale of the Court of Criminal Appeals in *Jones, supra.* I think the charge given in the Chatman case is meaningfully different and distinguishable from the rationale in *Walker, supra,* and *Jones, supra.* In *Walker,* the Per Curiam opinion states that since the law of the parties was not included in the application paragraph, then the court must look to whether the evidence is sufficient to find if the appellant was guilty of his own conduct rather than convicted as a party. But in our case, his own conduct as a party was specifically referred to and clearly thereby incorporated and included in the actual application paragraph. Here is the crucial application statute as given by Judge Larry Gist:

CHARGE:

Now, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about March 25, 1991, the defendant Brice Christopher Chatman, either acting alone or as a party, as that term has been defined, intentionally or knowingly caused the death of an individual, namely: Lester Guillory, Jr., by shooting him with a deadly weapon, namely: a firearm, you shall find the defendant guilty of the offense of murder as alleged in the indictment.

Unless you so find, or if you have a reasonable doubt thereof, you shall find the defendant not guilty.

Bear in mind that the trial judge in the actual application paragraph charged on either acting alone or as a party as that term has been defined—thereby incorporating the law of parties into the application paragraph. Hence, under the entire record I find that the evidence is sufficient to

sustain the conviction. The evidence is abundant. This is correct because the trial judge used the phrase: "or as a party, *as that term has been defined*". The trial court included its definition of parties to an offense within the application paragraph. The clear and unequivocal charge on the law of parties to an offense, as given, is as follows:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with and convicted of the commission of the offense.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

Mere presence alone at the scene of an alleged offense, if any, will not constitute one a party to an offense.

Again, the Chatman charge is meaningfully different from the charge as set out in the opinion in *Walker, supra,* in footnote 6 in the concurring opinion by Justice Sam Houston Clinton. The charge in *Walker* reads as follows:

[T]hat appellant "did then and there, intentionally and knowingly, without the effective consent of [named] owner thereof, enter a building not then and there open to the public, with intent to commit theft[.]"

I respectfully dissent for the reasons given.

## OPINION ON MOTION
## FOR REHEARING

### PER CURIAM.

The State of Texas filed a Motion for Rehearing which was denied by this Court on April 15, 1992. In denying the State's motion, we set forth our reasons in hopes of clarifying a very difficult legal concept made even more complex by the line of Court of Criminal Appeals cases addressing the issue.

In its motion, the State argues the following:

It is noted that it is nowhere mentioned in either the majority opinion of this court, or in the dissent, that there was no objection to the parties charge in the case at bar, nor any requested charge on that issue by Appellant. The record is clear on this point. (record reference omitted). It is respectfully submitted that the noted omission of an objection or a requested change moots any question of the sufficiency of the charge to submit the issue of party liability.

It appears that the majority of this court held as it did primarily because of the decision of the Texas Court of Criminal Appeals in *Apodaca v. State,* 589 S.W.2d 696 (1979). Either overlooked, or at least not mentioned in this court's opinion, is this language in *Apodaca* at 698:

"In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case, but the failure to do so is not reversible error unless there is a timely and sufficient objection...."

The State's argument set out above perfectly frames the usual misunderstanding of the legal concepts involved in *Walker v. State,* 823 S.W.2d 247 (Tex.Crim.App.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1481, 117 L.Ed.2d 624 (1992); and *Jones v. State,* 815 S.W.2d 667 (Tex.Crim.App.1991); and their progenitors. Although extremely compelling at first blush, the State's argument is understandably misplaced.

The State is mistaken in attempting to characterize the issue before this Court as one involving *charging error.* None of appellant's points of error complained of charging error. We sustained appellant's second point of error based solely upon its complaint of *sufficiency of the evidence.* There is a very subtle, but stark distinction in the case law upon which we rely with

regard to the treatment of appellate complaints grounded in *charging error* and those grounded in *sufficiency of the evidence.*

The State is correct in pointing out our reliance upon *Apodaca, supra.* However, our reliance on *Apodaca* was clearly limited to the language contained in the final paragraph on pp. 698–699 of the opinion, quoted as follows:

> The State nevertheless contends that since the court charged the jury on the abstract law of parties (although reference was made to "principals" rather than "parties"), and since the jury was instructed to find whether appellant caused the deceased's death "as a principal," this was sufficient. We do not agree. This reference to the law of parties, contained in the paragraph applying the law to the facts, *was not sufficient to require the jury to find whether Lewis, the driver of the vehicle, caused the deceased's death and whether appellant was criminally responsible for those acts of Lewis.* Nowhere in the charge is the jury required to find that Lewis committed any criminal acts, for which appellant could be held responsible, if at all, because of his encouragement, assistance, etc., of those acts. (emphasis ours)

The quoted portion of *Apodaca* contained on the second page of the State's motion was actually taken from *Romo v. State,* 568 S.W.2d 298, 303 (Tex.Crim.App. 1978) (opinion on State's Motion for Rehearing). It should be noted that in *Apodaca,* the appellant did make a timely objection *to the jury charge* with regard to the improper application paragraph. Thus, the Court was using the *Romo* language to decide an issue grounded in *charging error.*

The fact that there exists two separate and distinct standards of appellate review with regard to appellate complaints grounded in *charging error* as opposed to *sufficiency of the evidence* should be as obvious as the distinctions in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61

L.Ed.2d 560 (1979) and *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) (opinion on State's Motion for Rehearing). To underscore this point, we rely on the analysis of *Romo* contained in *Garrett v. State,* 749 S.W.2d 784 (Tex.Crim.App.1988) (opinion on Denial of Rehearing).[1] Responding to a complaint identical to the State's in the instant case, the *Garrett II Court* responded:

> While the State's observation is well taken, it fails because it relies on the conclusion that the abstract charge on the law of transferred intent was sufficient to put that theory before the jury. Even a cursory reading of *Garrett I, supra,* belies this point:
>
> > A charge on transferred intent is by its nature favorable to the State and detrimental to the defendant. With the provisions of Sec. 6.04(b)(2) omitted from the charge, the prosecution is presented with the greater burden of proving a "knowing" act in which the defendant was aware that her conduct was reasonably certain to cause the *actual* result rather than merely the desired result.... It would seem quite possible that a defendant might intentionally fail to object to a jury charge which omits a proper application of transferred intent in order to require the State to meet this greater burden.
> >
> > *Garrett I,* supra at 781. (emphasis theirs).
>
> *Garrett II, supra* at 802.

The *Garrett II* Court then went on to explain a glaring mistake they made in the *Romo* case. They recognized that in *Romo* they refused to label a "misapplied or non-applied" application paragraph which would have increased the State's burden of proof as fundamental error. This was done on the theory that a defendant could elect to waive his right to have the law of parties applied to the facts, thus forcing the State into meeting a more onerous burden of proof. In waiving his right to have a properly applied charge submitted to the

**1.** Hereafter referred to as *Garrett II* so as to distinguish it from *Garrett v. State,* 642 S.W.2d 779 (Tex.Crim.App.1982), hereafter referred to as *Garrett I.*

jury, appellant could not later complain of *charging error.* However, the Court went on to point out its glaring mistake in *Romo* when it addressed Romo's *sufficiency of the evidence* complaint:

> When this Court examined the sufficiency of the evidence to support the defendant's conviction in *Romo,* we measured the evidence in terms of the defendant's culpability as a party. This treatment of the sufficiency point renders the "election" rationale a mere legal fiction. *Garrett I* does not adopt the implicit "test" for sufficiency used in *Romo. It is patently unfair and irrational to find the charging error harmless because it raises the burden of proof and then ignore that raised burden when measuring the sufficiency of the evidence.* (emphasis ours).

*Garrett II, supra* at 802.

It seems clear that *Romo* and *Apodaca* both contained the separate appellate issues of *charging error* and *sufficiency of the evidence.* Aided by *Garrett II*'s analysis, we find nothing inconsistent in the holding that an unobjected to charging deficiency is not fundamental error while at the same time holding that a sufficiency of evidence analysis, requiring no trial objection to preserve the issue, results in reversal and acquittal if the application paragraph improperly applies the specific facts of the case to the State's theory of prosection. While it is true that "when determining sufficiency, the evidence must be compared to the entire charge," *Garrett II, supra* at 802–03, it is the application paragraph of the jury charge which authorizes conviction. *Jones, supra* at 669. That an abstract definition is placed immediately before or after the application paragraph and casually referred to *within* the application paragraph is of no consequence. As stated in *Garrett II,* "Mere juxtaposition does not amount to authorization." *Garrett II, supra* at 789, n. 6 (opinion on original submission). Should the State seek to treat this point as some other form of "trial error," we respectfully refer the State to *Boozer v. State,* 717 S.W.2d 608 (Tex.Crim.App.1984) at 611, footnote 6, in that we would nevertheless be compelled to review the record for sufficiency of the evidence because the point has, in fact, been raised by the appellant.

The State's Motion for Rehearing is DENIED.

BROOKSHIRE, Judge, dissenting.

This further dissent is respectfully filed. The Court, in its opinion on the Motion for Rehearing, being the State's Motion for Rehearing, cites and relies on *Walker v. State,* 823 S.W.2d 247 (Tex.Crim.App.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 1481, 117 L.Ed.2d 624 (1992). The per curiam opinion in *Walker* contains this language:

> We granted review to determine whether the evidence was sufficient to sustain the conviction in light of the jury charge....

The indictment in this case alleged appellant committed this offense as a primary actor. The court's charge included an abstract instruction on the law of parties. The application paragraph tracked the language of the indictment *but failed to include any reference* to the immediately preceding general parties instruction. (Emphasis added)

Hence, it is clear that the Ninth Court of Appeals' per curiam opinion impliedly reasoned that the application paragraph *failed to include any reference* to the instruction on parties. Significant and of importance is the record that shows the application paragraph in the case at bar reads as follows:

CHARGE:

> Now, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about March 25, 1991, the defendant Brice Christopher Chatman, either acting alone *or as a party, as that term has been defined,* intentionally or knowingly caused the death of an individual, namely: Lester Guillory, Jr., by shooting him with a deadly weapon, namely: a firearm, you shall find the defendant guilty of the offense of murder as alleged in the indictment.

> Unless you so find, or if you have a reasonable doubt thereof, you shall find

the defendant not guilty. (Emphasis added)

Thus, there is a definite and clear reference to the law of parties and to the instructions on parties to an offense which are incorporated into the application paragraph itself. Hence, our case is distinguishable from, *Walker, supra,* because the trial judge, instead of failing to include any reference to the parties definition and instructions, actually did specifically include a reference to the parties definition and instructions. The parties instruction reads as follows:

PARTIES TO AN OFFENSE:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with and convicted of the commission of the offense.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

Mere presence alone at the scene of an alleged offense, if any, will not constitute one a party to an offense.

Hence, the jury had before it in the crucial paragraph and the same was called to the jury's attention, *i.e.,* the entire instruction on "Parties to an Offense". Of an especial importance was the instruction that a party is criminally responsible for an offense committed by the conduct of another if acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

Here the verdict of guilty necessarily mandates that the jury found evidence of that on which it was authorized to convict and the sufficiency of that evidence is measured by the charge that was given. Again, it is very significant, I opine, in this instant appeal that the important application paragraph in a succinct manner and in relevant part reads: "The defendant Brice Christopher Chatman, either acting alone or as a party, *as that term has been defined,* ...". And the jury found that under the charge as given that the appellant was guilty of the offense of murder as a party. *See Boozer v. State,* 717 S.W.2d 608, 610, 611 (Tex.Crim.App.1984). It seems reasonable to deduce from *Boozer,* that once a phrase or an instruction is incorporated into the court's instructions or charge to the jury in such a way that the jury will take cognizance of it, then the jury, as here, must have found the essential facts to support its verdict. Furthermore, it has been decided that there is no such thing as mere surplusage in that part of the court's charge to the jury which authorizes a conviction. Hence, the language "either acting alone or as a party, as that term has been defined" cannot be realistically looked upon as mere surplusage. *Boozer, supra.* The facts of this case abundantly satisfy *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Indeed, the statutory elements of an offense must be set out either in the application paragraph or in the definitional portion of the charge. The trial judge accomplished both requirements. *Benson v. State,* 661 S.W.2d 708 (Tex.Crim.App.1982). We quote from *Benson,* at 714:

The charge states that "in matters of law you must be governed by the instructions, definitions, and the rulings of the Court." The jury evaluates the evidence and applies it to the instructions and definitions given in the charge. A jury determines guilt or innocence based upon that charge. A defendant is found guilty or not guilty by a jury, based upon the evidence adduced *as viewed in light of the charge.* (Emphasis theirs)

Here the jury was properly charged in the application paragraph containing a specific and unequivocal reference. Thus, the definitions and instructions of parties to an offense were in the said application paragraph. Hence, the jury was correctly in-

formed of the essential elements of the offense.

When the objections to the charge were taken, we find that the trial judge acquiesced in the appellant's request to leave certain pages in the charge as requested by the appellant. For example, an instruction on affecting prior credibility was left in the charge at the appellant's request. Also, a charge on voluntary manslaughter was removed. This was acceptable to the trial attorney for the appellant. The removal of the instruction on the definitions of sudden passion and adequate cause was accomplished pursuant to a request by the appellant. Then the charge was re-tendered and the appellant stated that "We have no other objections to the charge." Hence, there was no objection leveled at any infirmity or error in the application paragraph itself.

The appellant advances a point of error on the insufficiency to support the conviction, but the briefing of this point reveals that the appellant really challenges the sufficiency of the evidence on the question of identity of this appellant. A witness for the State, for example, was asked whether he believed that the occurrence was an accident. That witness testified, "I can't say." This witness had been convicted of a felony and this witness testified that the light conditions were poor on the occasion in question. Appellant argues that there was contradicted testimony from the only witness that purported to identify the appellant as a person involved and as a person firing shots. In other words, the briefing of the appellant's point of error number two, based on insufficiency of the evidence, does not comport to the holding of the Court. No where in the appellant's brief are the cases of *Jones v. State*, 815 S.W.2d 667 (Tex.Crim.App.1991) or *Walker v. State*, 823 S.W.2d 247 (Tex.Crim.App.1991) cited or referred to or argued.

Indeed, it is clear that *Jones, supra* is different and distinguishable from our record. In *Jones,* the appellant on a direct appeal, challenged the sufficiency of the evidence by asserting that the jury charge did not authorize the jury to convict Jones as a party to the aggravated robbery be-cause the application paragraph authorized his conviction only as the primary actor. That is simply not the challenge made to us by Brice Christopher Chatman. Our appellant here does not challenge the sufficiency of the evidence in this appeal by asserting that the application paragraph is deficient. I would submit that there are decisional authorities by the Court of Criminal Appeals of Texas that have not been over-ruled, which stand for rule that the sufficiency of the evidence must be measured in view of the entire charge to the jury. The Court of Criminal Appeals has written that the sufficiency of the evidence must be measured against the jury charge which that court has interpreted to mean the entire charge. *Boozer v. State, supra; Benson v. State, supra.*

But in *Jones,* the court recited that in *Garrett v. State,* 749 S.W.2d 784 (Tex. Crim.App.1986), the court held that a mere abstract definition of the theory of the transferred intent was not sufficient to bring that theory before the jury. But the court pointed out that the application paragraph began: "Now bearing in mind the foregoing instructions...." *Id.* at 789, n. 6. The phrase "[n]ow bearing in mind the foregoing *instructions*" the court held, could not be construed in any manner to refer to the abstract *definition*. This footnote and its holding do not apply to this appeal. The application paragraph in this appeal is meaningfully different as spelled out above. For the reasons set out above, I must respectfully file this dissent from the opinion of the Court on the State's Motion for Rehearing.

Furthermore, the Court of Criminal Appeals in *Apodaca v. State,* 589 S.W.2d 696 (Tex.Crim.App.1979) stated as follows:

> In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case, but the failure to do so *is not reversible error unless there is a timely and sufficient objection* ... (Emphasis added)

This quotation was from *Romo v. State,* 568 S.W.2d 298 (Tex.Crim.App.1978). Our appellant, Chatman, made no objection.

In *Romo, supra,* Judge Dally wrote that in the absence of an objection when the trial court fails to apply the law of parties to the facts of the case, no fundamental error results. Judge Dally wrote as follows:

> In a case where a charge on the law of parties is applicable, it is usually the State that insists on and is entitled to have such a charge, including an application of the law to the facts, submitted to the jury. Such a charge fits the State's theory of a case when, as in this case, a co-defendant is the principal actor and the defendant is guilty, if at all, as a party because he solicited, encouraged, directed, aided, or attempted to aid the co-defendant. However, if the court fails to apply the law of parties to the facts of the case, it might be better trial strategy for the defense counsel not to ask for such a charge. It might very well be to the benefit of such a defendant not to have the State's theory so clearly blueprinted and delineated by a charge applying the law of parties to the facts. It would permit the defendant to make a stronger jury argument that the State had not proved its case since the evidence clearly showed that appellant did not shoot the deceased.
>
> Here, the appellant did not request that a charge be submitted applying the law of parties to the facts, and the appellant did not object to the court's charge because it failed to apply the law of parties to the fact. In these circumstances, the court did not commit fundamental error in failing to apply the law of parties to the facts of the case.

For the reasons above cited and on the authorities above cited I would vote to affirm the conviction, verdict, judgment and sentence below.

But I respectfully submit further that there is a clear, compelling holding in *Selvage v. State,* 680 S.W.2d 17 (Tex.Crim. App.1984). The *Selvage* court specifically held that a charge must be viewed as a whole to determine whether fundamental error exists. An appellate review should not be limited to parts of a charge standing alone. The court cited *Jackson v. State,* 591 S.W.2d 820, 824–825 (Tex.Crim.App. 1979). An unanimous Court of Criminal Appeals held in *Selvage, supra,* as follows:

> Appellant next contends that the court's charge to the jury was fundamentally defective for failing to apply the law of parties to the facts of the case.
>
> The record reflects that the abstract portion of the charge defined the law of parties pursuant to Sec. 7.01; 7.02(a)(2); and 7.02(b), V.T.C.A. Penal Code. The charge, in applying the law to the facts, stated in pertinent part as follows:
>
> > Therefore, if you find from the evidence ... that the defendant, John Henry Selvage, ... acting alone *or as a party as that term has been defined,* ... [Emphasis added]
>
> Appellant did not request that a charge be submitted applying the law of parties, and did not object to the court's charge because it failed to apply the law of parties to the facts in detail. Rather, appellant requested that *no* instruction on parties be given.

The high court affirmed the conviction of Selvage. Selvage also contended that the evidence was insufficient. Nevertheless, even in view of the charge as given, the court found that the evidence was ample. In fact, Selvage challenged the verdict on three different grounds of insufficiency of the evidence; each challenge was rejected and overruled by the court in a unanimous opinion. Governing and controlling is the following holding of the Court of Criminal Appeals in Selvage:

> Appellant next contends that the evidence adduced at trial was insufficient to support his conviction under the theory of parties pursuant to Sec. 7.02(a), supra. Appellant argues that in applying the law of parties to the facts of the case the court relied wholly on the law of parties as reflected in Sec. 7.01, and 7.02(a), and did not apply the law of parties as reflected in Sec. 7.02(b), and that the evidence at best supported a conviction pursuant to Sec. 7.02(b).
>
> The abstract portion of the charge instructed the jury on Sec. 7.01, 7.02(a)(2),

and 7.02(b). In applying the law to the facts, the charge referred back to the definitional charge, as noted *ante.* The ground of error is overruled.

Especially under this horrendous instant record, the Ninth Court should be guided by and should follow *Selvage, supra.* The opinion and holding in *Selvage* should be dispositive of this appeal; *Selvage* has not been overruled.

The carefully worded application paragraphs as set forth in 8 MICHAEL J. MCCORMICK & THOMAS D. BLACKWELL, TEXAS CRIMINAL FORMS AND TRIAL MANUAL § 84.01 at 302, 303 (Texas Practice, 9th ed., 1985) and more specifically, the court's charges (being the application paragraphs) as set out on page 303 were tracked in the case at bar. Nor are these application paragraphs of court's charges modified in any manner in the 1992 pocket part to the 9th Edition, § 84.01.

In conclusion, I submit that the application paragraph containing the words: "or as a party, as that term has been defined" is more than a casual reference; the words just quoted are of consequence to the jury. Since this crucial clause is in the application paragraph the clause cannot be mere juxtaposition. The clause definitely calls to the jury's attention the definition and instructions concerning parties to an offense. The clause pointedly calls the attention of the jury to the law concerning when one person is criminally responsible for an offense committed by the conduct of another.

Especially important and significant is that part of the opinion of Judge Campbell that recites that *Garrett II* reveals that *Garrett II,* itself, is the product of an unusual set of circumstances illustrating the tension and strain between pre-*Almanza* and post-*Almanza* analysis. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985). Of paramount and momentous importance is the following holding written by Judge Campbell:

> At first blush, this case seems to require that a measurement of the sufficiency of the evidence be limited to a sole consideration of the application paragraph of the jury charge. This would be misapplica-

tion of the rule enunciated in *Boozer v. State,* 717 S.W.2d 608 (Tex.Cr.App.1986); *Ortega v. State,* 668 S.W.2d 701 (Tex.Cr.App.1983); and *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App.1983). *Boozer, Ortega,* and *Benson* hold that sufficiency of the evidence be measured against the jury charge, which we interpret to mean the entire charge.

Judge Campbell further expressed no opinion in *Garrett II* as to whether Garrett could be tried for some lesser included offense. The Campbell opinion also held that the Court's prior opinion in *Garrett I* [*Garrett v. State,* 642 S.W.2d 779 (Tex.Crim. App.1982)] to the extent that that prior opinion discussed double jeopardy was advisory only. The denial of the motion for rehearing was dated April 20, 1988, about one year and ten months after the opinion of June 11, 1986.

In any event, the Court of Criminal Appeals should, I respectfully submit, affirm the conviction in view of the heinous facts in this case as well as the procedural record and the briefs in this appeal. I must respectfully, but earnestly, dissent.