IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-316-CR





ELIZABETH CHRISTENSEN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 105,223, HONORABLE BOB JONES, JUDGE PRESIDING



 





 After finding appellant guilty of the offense of aggravated assault, Tex. Penal Code
Ann. § 22.02(a)(4) (West Supp. 1993), the jury assessed punishment, enhanced by a prior felony
conviction, at eight year's confinement. Appellant asserts three points of error: (1) the evidence
is insufficient to support a verdict that appellant "knowingly and intentionally" caused bodily
injury to the victim; (2) the trial court erred when it did not grant appellant's objection to
paragraph III of the court's charge; and (3) the trial court erred when it denied appellant's
objection to paragraph V of the court's charge. We overrule appellant's points of error and affirm
the judgment of the trial court.

 Appellant's challenge to the sufficiency of the evidence is based on her contention
that there is no evidence that she intentionally or knowingly struck the alleged victim, Teresa Wright. Appellant points to evidence that she threatened Wright's friend, Deborah Dean, on
previous occasions and that she met Wright for the first time only moments before the offense
charged in the indictment. Appellant urges that the evidence is undisputed that she was striking
at Dean when she hit Wright.

 While visiting her mother in Austin during February 1990, Wright went to see her
old friend Deborah Dean. Steve Bessey, who rented a room from Dean, previously had a live-in
relationship with appellant. On the day in question, Bessey asked Dean if he could borrow her
car to pick up the remainder of "his stuff" at appellant's apartment, a request Dean denied. 
Subsequently, it was agreed that Dean would drive Bessey to appellant's apartment. It appears
that these events transpired during the time Wright was visiting Dean, and Wright accompanied
Dean and Bessey on the trip to appellant's apartment. After arrival at appellant's apartment,
Bessey "got out and went upstairs." Appellant came to the car and invited Dean and Wright to
come in. At Dean's suggestion, Wright helped Bessey carry a heavy "army locker" to the car.

 Wright testified that while she and Bessey were in the process of loading the locker
into the trunk of the car, she heard Dean hollering to her, "[S]he's got a blade. She's cutting me. 
She's cutting me." Wright took an ax, pick, or shovel handle from the trunk of the car and ran
up the stairs to assist Dean. Wright stated, "All of a sudden I just got hit in the throat and blood
just shot out."

 Dean testified that appellant "[S]tarted swinging it at me and cutting me. And then
Teri [Wright] heard me screaming and came running back up there, and that's when Beth
[appellant] cut her." Dean testified relative to appellant striking Wright:



Q: [By Prosecutor] And then did you see the defendant swing the machete at Teri
[Wright]?


A: I saw her swing it in that direction.


Q: [By Defense counsel] And you also testified today that you didn't see Beth
strike Teri [Wright]. Is that correct or not correct?


A: I didn't see her hit her, but I saw her swing in that direction.



Appellant did not testify, and the testimony of Dean and Wright constitutes all of the evidence
relative to appellant striking Wright.

 It is undisputed that appellant struck Dean first and that appellant never met Wright
before the day in question. However, the evidence is uncontroverted that when Wright was
running up the stairs with the handle, appellant swung in the direction of Wright with the machete
and cut Wright's throat. There is no evidence that appellant was swinging at Dean when she hit
Wright. While the facts in Garrett v. State, 749 S.W.2d 784 (Tex. Crim. App. 1986), cited by
appellant, are similar in some respects, we find them distinguishable on the critical issues as
evidenced by the Garrett court's recitation of the factual background:



 The record is devoid of proof of any animosity between appellant and the
deceased. Indeed, by all accounts they met for the first time on the night of the
offense. On the other hand the record does show appellant had expressed an intent
to shoot Rankin, that an argument had erupted between these two, and that
appellant then obtained a rifle and shot it in Rankin's direction. The court of
appeals found significant that the record does not establish appellant "knew" the
deceased was in the trailer when she fired. But whether or not she knew deceased
was in the trailer, we do not believe the evidence can support a finding that she
acted with an awareness that death of deceased was reasonably certain to result. 
Certainly there existed a substantial risk that someone in the trailer would be
killed. But there is nothing in the evidence to indicate how large the trailer was
or whether appellant had any idea in what part of the trailer deceased was located
when the rifle was fired.



Id. at 790 (emphasis added). In the instant cause, Dean called to Wright for help after she was
attacked by appellant. When Wright appeared with the handle on the stairs, the evidence is
undisputed that appellant swung in the direction of Wright with the machete. The facts in this
cause do not implicate the law of transferred intent. See Martinez v. State, 844 S.W.2d 279, 282
(Tex. App.--San Antonio 1992, no pet. h.).

 The court instructed the jury on the meaning of "intentionally" and "knowingly." 
See Tex. Penal Code Ann. § 6.03(a), (b) (West 1974). When reviewing a challenge to the
sufficiency of the evidence to support a conviction, an appellate court must determine whether,
viewing the evidence in the light most favorable to the conviction, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979); Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989). We
conclude that a rational trier of fact could find from the evidence beyond a reasonable doubt that
appellant "knowingly" and "intentionally" struck Wright with the machete. We find the evidence
sufficient to support the conviction. Appellant's first point of error is overruled.

 In her second point of error, appellant contends the trial court erred when it did not
sustain the following objection to paragraph III of the court's charge:



MR. SHUVALOV [defense counsel]: Our second objection is in Paragraph III to
the first sentence starting "A person is criminally responsible" and ending with
"was clearly sufficient" and the word "nevertheless," as the such does not -- is not
the applicable law in this case and, therefore, the jury should not be charged with
it.



Paragraph III of the court's charge is an abstract definition of the law of transferred intent. See
Tex. Penal Code Ann. § 6.04 (West 1974). On appeal, appellant complains that the trial court
did not apply the law to the facts in the charging portion of the court's charge. A defendant must
present his objection to the court's charge, "distinctly specifying each ground or objection." Tex.
Code Crim. Proc. Ann. art. 36.14 (West Supp. 1993). We find that appellant's objection to the
court's charge was not sufficient to apprise the trial judge of the instruction she wanted. See
Belyeu v. State, 791 S.W.2d 66, 72 (Tex. Crim. App. 1989).

 In light of appellant's failure to apprise the trial court of the instruction she wanted,
we must next determine whether fundamental error is shown in the court's charge. The standards
for determining both ordinary reversible error and fundamental error in the court's charge are set
forth in Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984):



If the error in the charge was the subject of a timely objection in the trial court,
then reversal is required if the error is 'calculated to injure the rights of defendant,'
which means no more than that there must be some harm to the accused from the
error. In other words, an error which has been properly preserved by objection
will call for reversal as long as the error is not harmless.


 On the other hand, if no proper objection was made at trial and the accused
must claim that the error was 'fundamental,' he will obtain a reversal only if the
error is so egregious and created such harm that he 'has not had a fair and
impartial trial'--in short 'egregious harm.'


 In both situations the actual degree of harm must be assayed in light of the
entire jury charge, the state of the evidence, including the contested issues and
weight of probative evidence, the argument of counsel and any other relevant
information revealed by the record of the trial as a whole.



686 S.W.2d at 171.

 A charge on transferred intent is by its nature favorable to the State and detrimental
to the accused. By failing to apply the law of transferred intent to the facts of this cause, the court
did not harm appellant. To the contrary, the court placed a greater burden on the State by
requiring it to prove that appellant intentionally or knowingly assaulted Wright.

Despite the fact that the trial court permitted the prosecutor to refer to the court's charge on the
law of transferred intent in jury argument over appellant's objection, we find the complained-of
charge error was not a fundamental defect requiring reversal. Garrett v. State, 642 S.W.2d 779,
781 (Tex. Crim. App. 1982). Appellant's second point of error is overruled.

 In her third point of error, appellant asserts the trial court erred in not granting her
objection to the court's charge that the "way paragraph V is written is a comment on the weight
of the evidence because it asks the jury--it assumes to the jury that the machete is a deadly
weapon." The relevant portion of the jury charge provides:



Now bearing in mind the foregoing instructions, if you believe from the evidence
beyond a reasonable doubt, that the defendant, Elizabeth Christensen, on or about
the 5th day of February, 1990, as alleged in the indictment, in the County of
Travis, and State of Texas, did then and there by using a machete, a deadly
weapon, manifestly designed, made or adapted for the purpose of inflicting death
or serious bodily injury or that in the manner of its use or intended use was capable
of causing death or serious bodily injury, knowingly or intentionally cause bodily
injury to Teresa Wright, by cutting Teresa Wright on the neck with the said
machete, then you will find the defendant guilty of the offense of aggravated
assault and so say by your verdict, but if you do not so believe, or if you have a
reasonable doubt thereof, you will acquit the defendant and say by your verdict
"Not Guilty."



We find that appellant's objection to the court's charge was sufficient to apprise the trial judge of
the instruction she wanted.

 We will assume for the purpose of our analysis that the complained-of portion of
the court's charge constituted a comment on the weight of the evidence. Utilizing the standard
of review set forth in Almanza, we must determine whether there is "some harm" to the appellant
as the result of the error. See also Tex. R. App. P. 81(b)(2). Wright, a nurse's aide, testified
that after appellant struck her with the machete, she thought she was dead. "I had to pull my
windpipe out so I could breathe and keep the blood from going down into my lungs." Wright
related that she was in "intensive care for five days" and "in my own room for the other day and
a half [at the hospital]." Dr. James Eskew was called to see Wright by the emergency room
physician because he was closer to the hospital than the ear, nose and throat physician on call at
the hospital. Dr. Eskew described Wright's wound as "a large curved laceration, a cut, extending
from the angle of the jaw on one side all the way around under the chin to the angle of the jaw
on the other side. . . . [T]he cut extended through the skin and muscle into the back of the throat
and into the upper part of the voice box. . . . It's my opinion that untreated this wound would
have resulted in the death of the patient."

 The court's charge included an instruction in the law of reasonable doubt, the
defensive issue of self-defense, and an abstract definition of "deadly weapon" in addition to the
complained-of paragraph. The evidence was overwhelming and uncontroverted that the manner
and means in which appellant used the machete on Wright was capable of "causing death or
serious bodily injury" so as to bring the machete within the definition of "deadly weapon." See
Tex. Penal Code Ann. § 1.07(11)(B) (West 1974). When the alleged error is assayed in light of
the entire record, we conclude that the complained-of error failed to result in some harm to the
appellant. Appellant's third point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Jones, B. A. Smith and Davis*]

Affirmed

Filed: March 31, 1993

[Do Not Publish]



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).