NO. 07-00-0365-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 12, 2001

_____

JOAQUIN VILLARREAL CASTILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 39,816-B; HONORABLE WILLIAM R. SHAVER, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Joaquin Villarreal Castillo was convicted by a jury of murder and punishment was assessed at 99 years confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon

_____

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

the rationale expressed herein, the motion to withdraw is granted, the appeal is abated, and the cause is remanded to the trial court for appointment of new counsel.

In support of her motion to withdraw, counsel has certified that she has diligently reviewed the record and, in her opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that she sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

Counsel presents three arguable points in the *Anders* brief, to wit: (1) the evidence is legally insufficient to support appellant's conviction; (2) the evidence is factually insufficient; and (3) the trial court erred in instructing the jury on the concept of transferred intent in the jury charge during the guilt/innocence phase of the trial. Counsel then presents argument supported by authorities and record references establishing that no reversible error is presented.

The record establishes that on the night of June 18, 1998, Matt Coots and some friends were visiting on his front porch. A speeding car prompted Coots to yell at the driver to slow down. Coots and his friends moved from the porch toward the street. Kenneth Malone was sitting on the hood of a car with his fiancee positioned in front of him. A second car driven by appellant also sped by prompting Coots to yell at appellant to slow down. In response, appellant leaned out the car window holding a gun and fired a shot that struck Malone in the head causing his death. An autopsy confirmed that Malone died from a circular bullet wound on his right eyebrow.

Brandy Wagner testified that appellant called her just hours after the shooting claiming he shot someone in the forehead after being shouted at to slow down. She did not take appellant seriously until she heard the crime reported on the news. She sought out an officer and informed him that she had information about the shooting. Kim Phonsnasinh, a passenger in appellant's car on the night of the shooting, testified that appellant became upset when Coots yelled at him to slow down and confirmed that he leaned out the window and shot a small handgun. Mary Lomeli, also a passenger in appellant's car, likewise testified that he shot out the window after being told to slow down.

The defense attempted to show that appellant did not aim the gun at anyone and thus, the evidence was insufficient to establish that he intentionally or knowingly caused Malone's death. However, a person acts intentionally or knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

3

Tex. Pen. Code Ann. § 6.03(a) and (b) (Vernon 1994) (defining culpable mental states of intentionally and knowingly). Firing a weapon toward a group of people supports the rational conclusion that appellant was aware that his conduct was reasonably certain to result in death. Medina v. State, 7 S.W.3d 633, 636-37 (Tex.Cr.App. 1999).

Viewing the evidence presented in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of murder beyond a reasonable doubt.[2] *See* Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). In conducting a factual sufficiency review, we ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Eye witnesses testified that appellant fired a shot out his car window when Coots shouted at him to slow down, resulting in Malone's death. Also, Brandy Wagner testified that appellant telephoned her and told her he had shot someone in response to being told to slow down. The evidence is legally and factually sufficient to establish that appellant

---

[2]Tex. Pen. Code Ann. § 19.02(b) (Vernon 1994).

caused Malone's death. Thus, we agree with counsel that no reversible error is presented on the basis of insufficient evidence.

Counsel's third arguable contention is that the trial court erred in instructing the jury on transferred intent. The charge provided an abstract instruction on the law of transferred intent in accordance with section 6.04(b)(2) of the Texas Penal Code and then applied the law to the facts as follows:

> if you believe from the evidence beyond a reasonable doubt, that the defendant . . . intending to cause the death of Matt Coots by shooting him with a firearm, did then and there cause the death of . . . Kenneth James Malone, by shooting [him] with a firearm, you will find the defendant guilty of the offense of murder and so say by your verdict.

After the charge was examined by trial counsel he stated it was acceptable. When no objection is made to the charge, only egregious error may be reviewed on appeal. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1985) (on reh'g).

The evidence established that after Coots shouted at appellant to slow down, appellant responded by firing his gun out the car window. Under the doctrine of transferred intent, appellant's intent to harm Coots transferred to Malone and he was just as guilty as if he had shot Coots. Martinez v. State, 844 S.W.2d 279, 282 (Tex.App.–San Antonio 1992, pet. ref'd), citing Garrett v. State, 642 S.W.2d 779, 781 (Tex.Cr.App. 1982). Although the State did not allege transferred intent in the indictment, the inclusion of the instruction in the charge is not considered egregious harm. *See* In Re K.W.G., 953

5

S.W.2d 483, 488 (Tex.App.–Texarkana 1997, pet. denied). We agree with counsel that no reversible error is presented in the court's charge.

We are required to make an independent examination of the entire record to determine whether there are any arguable grounds that might support the appeal. Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). On October 29, 1998, appellant was indicted for a murder allegedly committed on June 18, 1998. Prior to and after the appointment of new counsel, appellant filed numerous *pro se* motions. On July 27, 1999, he filed a "Petition For Release Because of Delay" as well as a "Motion for Fast and Speedy Trial," contending that more than one year had elapsed since he was first taken into custody and the State had not proceeded to trial. On April 27, 2000, appellant filed a *pro se* motion to dismiss asserting that 21 months had passed since he was arrested and that the State had failed to proceed to trial in violation of his Sixth Amendment right and Article I, Section 10 of the Texas Constitution.[3] The record does not indicate that any motions for continuance were sought. Our independent review of the record reveals that appellant may have an arguable contention regarding his claim that he was denied his right to a speedy trial.

The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and applies to the states through the Fourteenth Amendment. *See*

---

[3]Although appellant filed numerous *pro se* documents, he was represented by four different appointed counsel during the course of the underlying proceeding.

Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116-17 (1972). Additionally, Article I, Section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1977) guarantee a speedy trial. In determining whether an accused was denied his right to a speedy trial, an appellate court is required to balance four factors, to-wit: 1) the length of the delay; 2) reason for the delay; 3) assertion of the right; and 4) prejudice to the accused, to determine whether a defendant's right to a speedy trial has been violated. *Id*. at 530-32; State v. Munoz, 991 S.W.2d 818, 821 (Tex.Cr.App. 1999). No single factor is a "necessary or sufficient condition to the finding" of a speedy trial violation, and these factors must be considered in conjunction with other relevant circumstances. *Munoz*, 991 S.W.2d at 821, citing *Barker*, 407 U.S. at 533.

Having found an arguable ground for appeal, this Court must ensure appellant's right to counsel by permitting appellant's present counsel to withdraw and requiring the appointment of new counsel to rebrief whether a 21-month delay is sufficient to trigger a speedy trial analysis under Harris v. State, 827 S.W.2d 949, 956 (Tex.Cr.App. 1992), *cert. denied*, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). Counsel is also directed to raise any other grounds he believes might support the appeal. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Cr.App. 1991).

To secure the appointment of new counsel, we now abate the appeal and remand the cause to the trial court. Duncan v. Evans, 653 S.W.2d 38, 40 (Tex.Cr.App. 1983).

7

Upon remand, the trial court shall appoint new counsel to brief the ground we deem arguable, as well as any other grounds that might support the appeal. The trial court shall direct counsel to file appellant's brief within 30 days after his appointment and shall furnish the name, address, telephone number, and state bar number of new counsel to the Clerk of this Court immediately after the appointment is ordered.

It is so ordered.

Per Curiam

Do not publish.