**Joseph Earl THOMAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57333.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

Rehearing En Banc Denied Oct. 31, 1979.

Allan R. Lazor, Victoria, for appellant.

Knute Dietze, Dist. Atty. and Norman D. Jones, Asst. Dist. Atty., Victoria, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

The appellant was indicted for criminal attempt to commit murder. The victim testified that she awoke to find a man kneeling beside her bed; the man put his hands around her neck and choked her. The victim's grandson came into the room and fought with the man, whom he identified as the appellant. The man dove out a window; the appellant's fingerprint was on the sill. A jury found that the appellant was guilty of criminal attempt to commit murder. The jury also found that the appellant had once before been convicted of a felony, and it assessed his punishment at confinement for life.

The grounds set out in this appeal comprise claims of fundamental error in the charge to the jury. The appellant has no quarrel with the parts of the charge that define the law of criminal attempt to commit murder, or with the part that applies that law to the facts. The first part of the charge with which he finds fault is the part that read, "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of murder." Of course, the end of the sentence should have read, "offense of criminal attempt to commit murder." The appellant made no objection to the charge. This evidently inadvertent mistake could not so have misled the jury as to constitute fundamental error. Compare *Ellis v. State,* 22 S.W. 678 (Tex.Cr. App.1893).

The charge next instructed the jury, if they found the appellant had not a specific intent to kill, to acquit him of attempted murder and to consider the offense of aggravated assault. Compare *Teal v. State,* 543 S.W.2d 371 (Tex.Cr.App.1976). The charge then defined and applied the law of aggravated assault in an erroneous way.* In two grounds of error, the appellant argues that this error was so fundamental as to call for reversal, even though he did not object to it.

The part of the court's charge to which we normally look in determining whether the charge is fundamentally erroneous is the part that applied the law to the facts. *Jones v. State,* 576 S.W.2d 393 (Tex. Cr.App.1979). By this rule, we mean that we normally look to the part that applied the law of the offense for which the appellant was convicted. When the jury found that the appellant was guilty of criminal attempt to commit murder it had no occasion to deliberate whether the appellant was guilty of the lesser included offense. The errors in the charge on the lesser in-

---

* The charge actually was on simple assault, for it omitted any reference to aggravating factors.

cluded offense, for which the appellant was not convicted, could not so have misled the jury as to constitute fundamental error.

Finding no fundamental error, we affirm the judgment.

The sentence must be reformed, for it does not impose a minimum term as is required by the indeterminate sentence law (V.A.C.C.P., Article 42.09, Section 1). Although criminal attempt to commit murder is a felony of the second degree (see V.T.C.A., Penal Code, Sections 15.01(d) and 19.-02(b)), the appellant's prior felony conviction rendered him liable to punishment for a felony of the first degree. See V.T.C.A., Penal Code, Section 12.42(b). The range of punishment for a felony of the first degree is confinement for life or a term of 5 to 99 years. V.T.C.A., Penal Code, Section 12.32. When a punishment of confinement for life is assessed under such a range of punishment, the sentence must impose the minimum term as well as the maximum. See *Sargent v. State,* 518 S.W.2d 807, 810 (Tex. Cr.App.1975). Such a punishment for a felony of the first degree differs from the mandatory punishment of confinement for life under V.T.C.A., Penal Code, Section 12.42(d); the sentence of the defendant punished under that statute has no minimum term. See *Perez v. State,* 578 S.W.2d 753 (Tex.Cr.App.1979). The sentence in this case is reformed to show a term of not less than 5 years or more than life.

Sentence reformed and judgment affirmed.