**Eugenio DE LEON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00412–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1983.

Armando Cavada, Corpus Christi, for appellant.

F.A. Cerda, Dist. Atty., Hebronville, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for murder. TEX.PENAL CODE ANN. § 19.-02(a)(1) (Vernon 1974). After a finding of guilty by the jury, the court set punishment at forty years' confinement.

Appellant presents two grounds of error. In ground of error number one, appellant contends that the trial court erred in not submitting a charge to the jury on voluntary manslaughter and defense of third persons. A review of the record reveals that defense counsel specially requested several charges. However, a charge on voluntary manslaughter and defense of third persons were not among those requested. In the absence of a request or of an objection to a charge, there is nothing preserved or presented for review on appeal. *Lerma v. State,* 632 S.W.2d 893, 895 (Tex.App.1982); *Boles v. State,* 598 S.W.2d 274, 278 (Tex.Cr.App.1980); *Green v. State,* 533 S.W.2d 769, 771 (Tex.Cr.App.1976). Ground of error number one is overruled.

■ In ground of error number two appellant alleges that the charge to the jury improperly applied the law to the facts. He contends that because paragraph VI of the charge, the application paragraph, did not contain the words of acquittal, the jury was deprived of the opportunity to find appellant not guilty of involuntary manslaughter. A review of paragraph VI of the charge to the jury reflects that it did not contain the boilerplate acquittal instruction.

Since the jury found appellant guilty of the higher offense of murder, it had no occasion to deliberate whether he was guilty of the lesser included offense of involuntary manslaughter. Therefore, the error in omitting words of acquittal in the charge to the jury is not reversible error, in light of the jury's verdict. *See O'Pry v. State,* 642 S.W.2d 748, 765 (Tex.Cr.App. 1981) (on State's motion for rehearing); *See Thomas v. State,* 587 S.W.2d 707, 708–09 (Tex.Cr.App.1979). Ground of error number two is overruled. The judgment of the trial court is affirmed.