Brown-R v. State 






AFFIRMED 20 SEPTEMBER 1990

NO. 10-89-256-CR
Trial Court
# 89-510-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

RHONNIE BROWN,
Â Â Â Appellant
v.

THE STATE OF TEXAS,
Â Â Â Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
This is an appeal by defendant Brown from conviction for
attempted murder for which he was assessed 12 years in the Texas
Department of Corrections and a $3,750 fine.
Defendant went to the apartment of Claudette Ali with whom he
had had a romantic relationship; saw Norman Rauls' car in front of
the apartment; kicked in the door; found Rauls and Claudette
unclothed; cut Rauls 5 times with a machete and additionally cut
him with another knife; Rauls spurted blood and a cut to his head
resulted in his brains showing; and defendant had told a witness 4
days prior to the offense that, "I'm going to do something to
[Rauls]".
Defendant appeals on 2 points.
Point 1 asserts: "The evidence is insufficient to support a
judgment of conviction as the State failed to prove that
[defendant] had the specific intent to kill".
On appeal the evidence must be viewed in the light most
favorable to the verdict when determining whether any rational
trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, U.S.
S.Ct., 443 U.S. 319; Butler v. State, Ct.Crim.Appls, 769 S.W.2d
234; Moreno v. State, Ct.Crim.Appls, 755 S.W.2d 866.
Defendant had a prior romantic relation with Ms. Ali; the
complainant had been dating Ms. Ali for some time; defendant went
to the apartment of Ms. Ali and recognized Norman Rauls' car in
front of the building; defendant crashed in the door, pulled the
telephone loose, proceeded to the bedroom where he found Ms. Ali
and Rauls unclothed; defendant repeatedly stabbed Rauls with both
a machete and a smaller knife inflicting scores of serious wounds
which literally spewed blood and exposed Rauls' brain. Four days
earlier defendant had told Mrs. Ali's brother that, "I am going to
do something to [Rauls]".
Specific intent to kill may be proved by inferences from
indirect statements; Moreno, supra; and may also be proved by
circumstantial evidence. Medical evidence was that several of
Rauls' wounds were life threatening. Defendant argues that if he
wanted to kill Rauls he had plenty of opportunity to finish him
off. We think the evidence supports the conviction; that the jury
was authorized to believe from the evidence that defendant intended
to kill Rauls and, accordingly, overrule point 1.
Point 2 asserts: "The trial court committed reversible error
by improperly defining the lesser-included offense of aggravated
assault in the court's charge".
Defendant contends the instruction given on aggravated assault
was fatally defective because it failed to contain both ways in
which the offense can be committed.
Assuming, without deciding, that the court's charge improperly
set out the offense of aggravated assault, any error in the
instructions setting out the lesser-included offense cannot
constitute reversible error when the jury returned a verdict on the
primary charge. We presume the jury followed the instructions
contained in the court's charge. O'Pry v. State, Ct.Crim.Appls,
642 S.W.2d 748. The court's charge instructed: "Unless you so
find beyond a reasonable doubt, or if you have a reasonable doubt
thereof, you will acquit the defendant of the offense of attempt to
commit murder and next consider whether he is guilty of the lesser
offense of attempt to commit voluntary manslaughter".
The court further instructed: "* * or if you have a
reasonable doubt as to whether he had the specific intent to so
cause the death of the said Norman Rauls, you cannot convict the
defendant of either attempt to commit murder or attempt to commit
voluntary manslaughter. In such event of said reasonable doubt,
you will acquit the defendant of attempt to commit voluntary
manslaughter and consider next whether or not defendant is guilty
of aggravated assault".
In accordance with the instructions the jury stopped its
consideration of the charge after finding defendant guilty of
attempted murder "because they did not have a reasonable doubt that
would require them to consider further". O'Pry, 642 S.W.2d at 765. 
To the same effect are Thomas v. State, Ct.Crim.Appls, 587 S.W.2d
707; Garrett v. State, Ct.Crim.Appls, 642 S.W.2d 779; DeLeon v.
State, CA (San Antonio), 659 S.W.2d 860; Depauw v. State, CA
(Amarillo), 658 S.W.2d 628.
Point 2 is overruled.
AFFIRMED
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
DO NOT PUBLISHChief Justice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means and
Chief Justice McDonald (Retired)]


All fees due to the Tenth Court of
Appeals Clerk, including the $125 filing fee and $10 motion fees for nine
motions ($90), are due within ten days after the date of this Order.  If
payment is not timely made, the Court may dismiss HashmiÂs appeal on the
merits.Â  See Tex. R. App. P.
42.3(c).

Â 

PER CURIAM

Â 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Brief struck; motions
denied; fees due

Order issued and filed
August 31, 2005

Do not publish








Â