Affirmed and Memorandum Opinion filed February 19, 2004









Affirmed and Memorandum Opinion filed February 19,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00506-CR

____________

 

COTY DEMOND
GILFORD,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 945,073

 



 

M E M O R A N D U M   O P I N I O N

Appellant Coty Demond Gilford was found
guilty of the offense of aggravated robbery, and the jury sentenced him to
thirty years= confinement in the Texas Department of
Criminal Justice, Institutional Division. 
In four points of error, appellant claims (1) the evidence at trial was
legally and factually insufficient to convict him of aggravated robbery; (2)
the trial court erred in admitting a videotaped statement of him at trial; (3)
the trial court erred in admitting inadmissible hearsay statements during the
trial; and (4) the trial court committed charge error by authorizing the jury
to convict him under a theory not alleged in the indictment.  We affirm.








I.   Background

On September 17, 2002, a young black male
robbed Friday Ikpe as he worked the night shift in a convenience store in
southeast Houston.  In court, Ikpe
identified appellant as the young male who robbed him.  Ikpe testified that appellant asked him to
make change for a dollar, and when Ikpe opened the register, appellant told
him, AI have a
knife.  Stand back.@  When appellant attempted to take money out of
the register, Ikpe tried to close the register on appellant=s hands.  Appellant pushed Ikpe back, came around the
side of the counter, and the two began struggling over possession of the
money.  Appellant bit, kicked, and
punched Ikpe during their confrontation. 
After grabbing some money, appellant ran out of the store.  Ikpe chased appellant out of the store, but
stopped when witnesses outside of the store told Ikpe to stop because appellant=s partner was Asearching through
the car.@  The witnesses wrote down the license plate
number of the car involved in the robbery before it left the scene.  Ikpe testified that, although he did not seek
medical treatment for the bruises he sustained from appellant=s beating of him,
he felt threatened and in fear during the robbery that he might be seriously
injured or killed.  The incident was
captured by surveillance video equipment inside the convenience store.  However, the knife cannot be seen on the
surveillance tape.

II.   Sufficiency of the Evidence

In his first point of error, appellant
contends the evidence is legally and factually insufficient to support the
trial court=s affirmative finding that appellant used
or exhibited a deadly weapon during the commission of the offense for which he
was convicted.  Specifically, appellant
claims the evidence is insufficient to prove that he used a knife or, if a
knife was used, that the knife in question was a deadly weapon.  We affirm the trial court=s finding. 








In conducting a legal sufficiency review,
a reviewing court does not ask itself whether it believes that the evidence at
the trial established guilt beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979).  Rather, we view the evidence in
the light most favorable to the verdict and determine whether a rational trier
of fact could have found the elements of the offense beyond a reasonable doubt.
 Id.; Cardenas v. State, 30
S.W.3d 384, 389 (Tex. Crim. App. 2000). 
The jury is the exclusive judge of the credibility of witnesses and the
weight to be given their testimony.  Mosley
v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  Likewise, reconciliation of conflicts in the
evidence is within the exclusive province of the jury.  Id. 
A jury may choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  The reviewing
court will examine the entire body of evidence; if any evidence establishes
guilt beyond a reasonable doubt, and the fact-finder believes that evidence, the
appellate court may not reverse the fact-finder=s verdict on
grounds of legal insufficiency.  See
Jackson, 443 U.S. at 307.

In reviewing factual sufficiency, we do
not view the evidence Ain the light most favorable to the
prosecution.@  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Instead, we ask Awhether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury=s determination,
or, the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.@  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We will set aside a
verdict for factual insufficiency only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.  Wesbrook v. State, 29 S.W.3d 103, 112
(Tex. Crim. App. 2000).

The State charged appellant with
aggravated robbery, alleging in the indictment that appellant did during the
robbery Ause and exhibit a
deadly weapon, to wit: a knife@ (emphasis
altered).  The jury found appellant
guilty of aggravated robbery, as charged in the indictment, and the trial court
entered an affirmative finding of a deadly weapon.  








An affirmative finding of the use of a
deadly weapon may be made when the State establishes that a deadly weapon was
used or exhibited during the commission of a felony offense or the flight
therefrom and that the defendant used or exhibited the deadly weapon or was a
party to the offense and knew that a deadly weapon would be used or
exhibited.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 3g(a)(2) (Vernon
Supp. 2004).  A[I]f the indictment by allegation
specifically places the issue before the trier of fact (i.e. >.... by stabbing him with a knife, a
deadly weapon ....=), then an affirmative finding is de facto made when the
defendant is found guilty >as charged in the indictment.=@ 
Polk v. State, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985).  In addressing this point of error, we
employ the same standards of review discussed above.

A knife is considered a deadly weapon if
used in a manner capable of causing death or serious injury.  Tex.
Pen.Code Ann. ' 1.07(a)(17)(B)(Vernon 1994) (defining
deadly weapon as Aanything that in the manner of its use or
intended use is capable of causing death or serious bodily injury@); McCain v.
State, 22 S.W.3d 497, 502B03 (Tex. Crim.
App. 2000) (finding knife to be a deadly weapon).  In ascertaining whether a particular knife is
a deadly weapon by its actual or intended usage, we consider several factors
articulated by Texas courts, including: (1) the size, shape, and sharpness of
the knife; (2) the manner of its use or intended use; (3) the nature or
existence of inflicted wounds; (4) the testimony of the knife=s life‑threatening
capabilities; and (5) the physical proximity of the accused and the
victim.  See Thomas v. State, 821
S.W.2d 616, 620 (Tex. Crim. App. 1991); Garcia v. State, 17
S.W.3d 1, 4 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d).  Though injuries are among the factors to be
weighed, wounds need not be inflicted before a knife can be found to be a
deadly weapon.  Miller v. State,
846 S.W.2d 365, 369 (Tex.
App.CHouston [14th Dist.] 1992, no
pet.).  Where the victim testifies that
he was in fear of serious bodily injury or death, a verbal threat by the
accused is not required for the fact-finder to conclude that threats were
actually made.  Tisdale v. State,
686 S.W.2d 110, 115 (Tex. Crim. App. 1984) (on rehearing).  Moreover, merely showing a knife to a victim
constitutes Ause@ of the knife
under the statute.  See id. at
114-15 (holding that Awhere one person uses or exhibits a knife
during the course of a robbery in order to threaten or place another in fear of
imminent bodily injury or death, a rational trier of fact could find beyond a
reasonable doubt that the knife was a deadly weapon in the manner of its use or
intended use@).








In support of his argument, appellant
contends that (1) no knife is visible on the surveillance video so the only
evidence that appellant had a knife came from the testimony of Ikpe; (2) Ikpe
was not wounded by the knife; (3) the assailant and Ikpe were separated by a
counter; (4) the assailant never pointed the knife at Ikpe; and (5) Ikpe
described the knife as a kitchen knife that was not very long.  Ikpe testified that appellant asked him to
make change for a dollar, and when Ikpe opened the register, appellant told
him, AI have a
knife.  Stand back.@  Ikpe said he only saw the knife for a second;
appellant held it down around his waist, keeping it close to his own body.  Ikpe said it looked like a kitchen knife with
a black handleCit was not very long.  Ikpe testified he felt threatened and in fear
during the robbery that he might be seriously injured or killed.  Houston Police Department (AHPD@) Officer William
Cowles, who investigated this case, testified that, based on his experience as
a police officer, the knife, as described by Ikpe, would be a deadly
weapon.  HPD Officer Kevin Morgan noted
that, because of the angle of the surveillance camera and the overall quality
of the tape, he was unable to see on the video whether appellant had a knife
during the robbery.

Although appellant said during his
confession that he did not use a knife during the robbery, the jury was the
judge of the credibility of his testimony and was free to reject or accept his
testimony.  See Jones v. State,
944 S.W.2d 642, 647 (1996), cert. denied, 522 U.S. 832 (1997).  Accordingly, the jury could choose to believe
Ikpe=s testimony that
appellant did have a knife.  Moreover,
presentment of the knife within reaching distance of Ikpe, coupled with the
fear of Ikpe, are sufficient to constitute a threat by the accused and use of
the knife as a deadly weapon.  See
Tisdale, 686 S.W.2d at 115 (stating the jury was fully warranted in
concluding from the victim=s testimony that
defendant intended to use the knife to cause her serious bodily injury or death
when defendant showed the victim a knife during a robbery). 








Viewing the evidence in a light most
favorable to the verdict, we conclude that a reasonable trier of fact could
have found that appellant used or exhibited a deadly weapon during the robbery
beyond a reasonable doubt.  We conclude
the evidence is legally sufficient to justify an affirmative finding that appellant
used or exhibited a deadly weapon during the commission of the offense.  For the same reasons, we conclude the
evidence is factually sufficient to support the trial court=s affirmative
finding of a deadly weapon.  We overrule
appellant=s first point of error.

III.   The Confession

In his second point of error, appellant
argues  the trial court committed
reversible error in denying the motion to suppress his confession.  He contends the statement was not freely and
voluntarily made because it was the product of improper inducements.  In support of this argument, appellant
alleges that officer Morgan admitted at trial that he falsely led appellant to
believe that if he confessed, he would be charged with robbery rather than
aggravated robbery.  Additionally,
appellant contends he confessed because he feared his girlfriend would be
charged with the robbery if he did not confess. 
We find the trial court did not abuse its discretion in denying
appellant=s motion to suppress.

At a hearing on a motion to suppress
evidence, the trial court is the sole judge of the weight and credibility of
the evidence and the trial court=s finding may not
be disturbed on appeal absent a clear abuse of discretion.  Alvarado v. State, 853 S.W.2d 17, 23
(Tex. Crim. App. 1993).  In reviewing a
trial court=s ruling on a motion to suppress, we
afford almost total deference to the trial court=s determination of
the historical facts that the record supports, especially when the trial court=s findings turn on
an evaluation of a witness= credibility and
demeanor.  Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). 
However, we review de novo mixed questions of law and fact that do not
turn on an evaluation of credibility and demeanor.  Id.








When the voluntariness of a confession is
challenged, the trial court must make an independent determination in the
absence of the jury as to whether the statement was voluntarily made.  Tex.Code
Crim. Proc. Ann. art. 38.22,
' 6 (Vernon 1979); Jackson
v. Denno, 378 U.S. 368, 380 (1964). 
At this hearing, the State has the burden under the Fifth and Fourteenth
Amendments of proving by a preponderance of the evidence that the confession
was voluntary.  Lego v. Twomey,
404 U.S. 477, 489 (1972); Alvarado v. State, 912 S.W.2d 199, 211 (Tex.
Crim. App. 1995).  The statement of an
accused may be used against him if it appears it was freely and voluntarily
made without compulsion or persuasion.  Tex.Code Crim. Proc. Ann. art. 38.21
(Vernon 1979).  A statement is
involuntary if there was official, coercive conduct of such a nature that any
statement obtained was unlikely to have been the product of an essentially free
and unconstrained choice.  Alvarado,
912 S.W.2d at 211.  Before a promise will
render a confession inadmissible, it must be shown that the promise induced the
confession.  Muniz v. State, 851
S.W.2d 238, 254 (Tex. Crim. App. 1993). 
In order to induce the confession, the promise must be (1) positive; (2)
made or sanctioned by someone in authority; and (3) of such an influential
nature that a defendant would speak untruthfully in response thereto.  Id. 
Voluntariness must be determined by considering the totality of the
circumstances under which the statement was obtained.  Creager v. State, 952 S.W.2d 852, 855
(Tex. Crim. App. 1997).

Here, the trial court=s ruling at the
suppression hearing was based on its evaluation of the credibility and demeanor
of appellant and officer Morgan. 
Appellant testified at the hearing that, prior to giving the statement
contained on the videotape, officer Morgan talked about the charge, the ranges
of punishment, and how many people were involved in the robbery.  Specifically, appellant said officer Morgan
informed him that, because he had not seen a knife on the videotape, appellant
was only facing a simple robbery charge. 
Appellant said officer Morgan told him that, because there were two
people in the car at the time of the robbery, Asomebody had to
fess up.@  Appellant believed this statement to mean
that if he did not confess, the officer was going to arrest his
girlfriend.  Appellant said he confessed
because of the statements made by officer Morgan.  








However, officer Morgan insisted he did
not lead appellant to believe that, because he had not seen a knife on the
tape, if appellant confessed, he would only be charged with robbery.  Officer Morgan explained to appellant the
differences in the ranges of punishment between robbery and aggravated robbery,
noting that the aggravating factor was the use of a weapon.  Officer Morgan said he informed appellant
that his explanation of the incident was different than what was recorded in
the offense report and he told appellant that he would present those facts to
the district attorney, but said that ultimately it would be the district
attorney who would make a decision as to what charges to file against
appellant.  Officer Morgan said he did
not coerce or threaten appellant, did not cause him any physical harm or
discomfort, and did not promise appellant anything in exchange for his
statement.  Officer Morgan also denied
making any statements to appellant regarding his girlfriend.  Officer Morgan testified he asked appellant
if he wanted to give a voluntary statement about his involvement in the robbery
and appellant indicated he did.  Officer
Morgan prepared the video equipment and recorded a statement from
appellant.  At the beginning of the
recorded interview, officer Morgan read appellant his Miranda rights,
and appellant agreed to waive his rights and speak with the officer. 

As the sole fact-finder and judge of the
witnesses= credibility and weight of the evidence,
the trial court could choose to believe officer Morgan=s version of
events.  Thus, viewing the evidence in
its totality, the trial court did not abuse its discretion in denying appellant=s motion to
suppress.  Appellant=s second point of
error is overruled.

IV.   The License Plate Number

In his third point of error, appellant
contends the trial court erred by admitting testimony from HPD officers
concerning the license plate number, make, model, and color of the automobile
involved in the robbery.[1]  Appellant argues that this testimony was
inadmissible hearsay and that he was harmed by its admission into evidence
because that information provided the only link between him and the
robbery.  We hold the trial court did not
abuse its discretion in admitting officers Shawn Palin=s and Cowles=s testimony
regarding the vehicle.








Officers Palin and Cowles testified that
two witnesses to the robbery provided them with the license plate number of the
vehicle involved in the robbery and a description of the car.  Ikpe stated that the two witnesses wrote down the license
plate number of the vehicle involved with the robbery before it left the scene.  The jury heard testimony concerning the
license plate number, the identity of the registered owner of the vehicle, and
the year and make of the vehicle as shown in the registration records.  

We review a trial court=s decision to
admit evidence for an abuse of discretion. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000);
Santellan v. State, 939 S.W.2d 155, 168B69 (Tex. Crim.
App. 1997).  Where the trial court=s evidentiary
ruling is within the Azone of reasonable disagreement,@ there is no abuse
of discretion and the reviewing court will uphold the trial court=s ruling.  Id. at 169.  The Court of Criminal Appeals has said that a
trial court=s decision will be sustained if it is
correct on any theory of law applicable to the case, especially with regard to
the admission of evidence.  McDuff v.
State, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997).  At the outset, we note that the admission of
inadmissible hearsay constitutes nonconstitutional error.  Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998).  Therefore, we
must disregard the error unless it affected appellant=s substantial
rights.  See Tex.R.App. P. 44.2(b).  A substantial right is affected when the
error had a substantial and injurious effect or influence on the jury=s verdict.  King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 750,
776 (1946)). 








Hearsay is a statement, other than one
made by the declarant while testifying at trial or a hearing, offered in
evidence to prove the truth of the matter asserted.  Tex.R.Evid.
801(d).  Thus, a statement which is not
offered to prove the truth of the matter asserted, but is offered for some
other reason, is not hearsay.  Jones
v. State, 843 S.W.2d 487, 499 (Tex. Crim. App. 1992).  Out‑of-court statements offered to show
how a person became a suspect are not hearsay. 
Id.; see
also Dinkins v. State,
894 S.W.2d 330, 347B48 (Tex. Crim. App. 1995), cert. denied, 516 U.S. 832
(1995) (holding that an appointment book and application form containing the
defendant=s name were not inadmissible hearsay
because they were admitted to explain how the defendant became a part of the
police investigation).  In Jones,
an officer testified that out‑of‑court statements implicated the
defendant and were the basis for the defendant becoming a suspect and
ultimately led to his arrest.  843 S.W.2d
at 499.  The court held the extrajudicial
statements were not inadmissible hearsay because they were admitted not to
prove the truth of the matter asserted, but to explain how the defendant was a
suspect.  Id.  

In this case, the statements of officers
Palin and Cowles were not offered to prove a vehicle with the license plate
number provided by the witnesses was definitively used during the robbery.  Instead, these statements were offered to
show how appellant became a part of the police investigation.  The officers testified that eyewitnesses to
the robbery provided the police with the license plate number of the car
involved in the robbery.  Officer Cowles
spoke to Natoya Ranier, the daughter of the vehicle=s registered
owner, as a result of checking the registration of the vehicle.  Ranier told officer Cowles that her
boyfriend, the appellant, used the car on the date of the robbery.  After being shown the surveillance tape of
the robbery, Ranier identified appellant as the assailant in the tape.  At trial, Ranier denied making either of these statements to
officer Cowles.  However, officer
Cowles testified that, from the information given to him by Ranier, he was able
to Adevelop@ appellant as a
suspect.  Officer Cowles flagged the
license plate number in an effort to locate the suspect.  Another HPD officer testified that he stopped
a car with the same license plate number for traffic violations, and after
being informed of the flag on the car during the traffic stop, contacted the
investigations division.  After HPD was
able to confirm appellant was in custody, officer Morgan spoke with appellant
about the robbery.  Thus, the license
plate number was not introduced into evidence to prove the truth of the matter
asserted by the witnesses to the robbery; rather, it was introduced to
demonstrate how HPD came to regard appellant as a suspect and how it ultimately
apprehended him.  Accordingly, appellant=s third point of
error is without merit.








Even if the statements were offered to
prove the truth of the matter assertedCand were not used
to show the development of appellant as a suspectCthe State
correctly points out that appellant did not demonstrate his substantial rights
were affected by the admission of the testimony.  To support the argument that his substantial
rights were affected, appellant contends that the only link between him and the
robbery was the purported inadmissible statements of witnesses at the
scene.  As previously mentioned, the
proper test for determining whether the admission of inadmissible hearsay
evidence constitutes reversible error is whether a substantial right of the
defendant was affected.  A substantial
right is not affected if an appellate court, after examining the record as a
whole, has A>fair assurance
that the error did not influence the jury, or had but a slight effect=@ on the jury=s
deliberations.  Solomon v. State,
49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (quoting Reese v. State, 33
S.W.3d 238, 243 (Tex. Crim. App. 2000)). 
In this case, in addition to information about the license plate, the
jury (1) heard testimony from officer Cowles regarding Ranier=s identification
of appellant in the surveillance tape of the robbery; (2) saw the videotaped
confession of appellant; and (3) observed Ikpe identify appellant in court as
his assailant during the robbery.  Given
the record as a whole, we find that the admission of the testimony concerning
the license plate would have had but a slight effect, if any, on the jury=s decision.  Thus, appellant has failed to demonstrate a
substantial right was affected.  We
overrule appellant=s third point of error.

V.   The Charge

In his fourth point of error, appellant
alleges the trial court erred by authorizing the jury to convict him of the
lesser-included offense of robbery under a theory not alleged in the
indictment.  Appellant admits he did not
object to the jury charge at trial, but contends he was egregiously harmed by
the error, and thus the verdict should be reversed.  The State argues that, because the jury
convicted appellant of aggravated robbery, they never reached the complained-of
language in the lesser-included offense. 








The charge given to the jury by the trial
court provided for a conviction of aggravated robbery based solely on the
theory presented in the indictment: that appellant did intentionally or
knowingly threaten or place Ikpe in fear of imminent bodily injury or death,
and did then and there exhibit a deadly weapon, a knife.  The trial court also instructed the jury on
the lesser-included offense of robbery. 
It is in this portion of the charge that the trial court included the
language complained-of by appellant.  The
language permitted the jury to find appellant guilty of robbery if they found
that appellant, while in the course of committing theft, did intentionally or
knowingly cause bodily injury to another, by pushing Ikpe with his handsCa theory not
alleged in the indictment.

Because we agree with the State that the
error, if any, is not egregious, we need not address whether the instruction
was erroneous.  See Clark v. State,
717 S.W.2d 910, 918 (Tex. Crim. App. 1986) (A>When the jury
found that the appellant was guilty of criminal attempt to commit murder it had
no occasion to deliberate whether the appellant was guilty of the lesser
included offense . . . . The errors in the charge on the lesser included
offense, for which the appellant was not convicted, could not have misled the
jury as to constitute fundamental error.=@) (quoting and
adhering to the logic in Thomas v. State, 587 S.W.2d 707, 708B09 (Tex. Crim.
App. 1979)).  In this case, the jury
found appellant guilty of aggravated robbery, which means the jury convicted
appellant under a theory alleged in the indictment.  Because the jury convicted him of the greater
offense, the question of charge error on the lesser-included offense is Aessentially
academic.@  See
Saunders v. State, 913 S.W.2d 564, 570 (Tex. Crim. App. 1995) (stating the
Court of Criminal Appeals has endorsed this mode of analysis under Almanza
and noting A>there are some
flagrant errors so patently not calculated to injure the rights of an
accused that much of an Almanza review becomes redundant=@ (quoting Clark,
717 S.W.2d at 921 (Clinton, J., concurring))). 
Accordingly, we overrule appellant=s fourth point of
error.  

Having overruled all of appellant=s points of error,
we affirm the trial court=s judgment.

 

/s/      Leslie Brock Yates

Justice

 

 








Judgment
rendered and Opinion filed February 19, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Contrary to implications in
appellant=s brief, the jury was instructed to
disregard the color of the car as provided by the witnesses after the trial
court sustained an objection to the admission of such testimony.