Affirmed and Memorandum Opinion filed November 16, 2006








Affirmed and Memorandum Opinion filed November 16, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-05-01225-CR,
14-05-01226-CR

____________

 

ARNULFO CASTILLO-SANCHEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause Nos. 1017631,
1038493

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Arnulfo Castillo-Sanchez, appeals following his
conviction on two counts of aggravated sexual assault of a child and sentence
of forty years in prison.  In his first point of error, appellant claims that
the trial court abused its discretion by excluding his own testimony.  In his
second point of error, he argues that the trial court=s instructions on
the lesser-included offense of indecency with a child violated his right to a
unanimous verdict.  We affirm.  








I.  Background

In January of 2005, appellant was charged with aggravated
sexual assault of a child based on allegations of sexual misconduct by the then
eleven-year-old complainant, S.B., and a written statement offered to the
police by appellant.  After the defense rested at trial without offering any
evidence, the jury was given instructions regarding the sexual assault offense
and also the lesser-included offense of indecency with a child.  The jury found
appellant guilty of aggravated sexual assault and sentenced him to forty years
in prison. 

II.  Analysis

In his first point of error, appellant argues that the
trial court abused its discretion by excluding his own testimony.  In order to
preserve error on appeal, a party must specifically object and obtain a ruling
from the trial court, or object to the trial court=s refusal to
rule.  Tex. R. App. P. 33.1. 
Arguments on appeal must comport with the objection at trial or the error is
waived.  Dixon v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). This is true even if
the complaint is based upon constitutional grounds.  See Ladd v. State,
3 S.W.3d 547, 564 (Tex. Crim. App. 1999) (overruling the appellant=s constitutional
challenges to a jury charge instruction on the law of parties because those
arguments had not been raised in the trial court);  Espinosa v. State,
29 S.W.3d 257, 260 (Tex. App.BHouston [14th Dist.] 2000, pet. ref=d) (finding that
the appellant waived his constitutional challenge).  








In this case, appellant has waived any error with respect
to the proposed testimony because he did not object at trial.  The portion of
the record that appellant references indicates that appellant=s own trial
attorney approached the judge with concerns that appellant intended to testify
to matters that would harm his case.[1] 
The trial judge apprised appellant of his right to testify, but warned
appellant that if he did testify, those matters would not be allowed because of
their lack of relevance.  Appellant then explicitly declined to testify. 
Nowhere in the record is there an objection to the exclusion of appellant=s testimony;
rather, the only purpose of the conference between the judge and appellant was
to make the latter aware of his rights and the Rules of Evidence=s limitations on
those rights.  Consequently, the issue is waived.  See Tex. R. App. P. 33.1; Broxton,
909 S.W.2d at 918; Espinosa, 29 S.W.3d at 260.  We overrule appellant=s first point of
error.

In his second point of error, appellant complains that the
trial court=s jury instructions on the lesser-included offense of
indecency with a child violated his constitutional right to a unanimous
verdict, and as a result, was reversible error.  The relevant portion of the
jury charge reads:

[I]f you find from the evidence beyond a reasonable doubt that on or
about the 29th day of November, 2004, in Harris County, Texas, the defendant,
Arnulfo Castillo-Sanchez , did then and there unlawfully, intentionally or
knowingly engage in sexual contact with [S.B.], a child under the age of
seventeen years and not the spouse of the defendant, by touching the genitals
of [S.B.] with the intent to arouse or gratify the sexual desire of the
defendant, or engaging [S.B.] to touch the genitals of the defendant with the
intent to arouse or gratify the sexual desire of the defendant, then you will
find the defendant guilty of indecency with a child.

 

Appellant contends that by instructing the jury that they
could convict appellant for indecency with a child Aupon a finding
that either he [appellant] had touched the complainant=s genitals or the
complainant had touched the appellant=s genitals,@ the jury was led
to believe it did not have to unanimously agree as to the act forming the basis
of the crime.  For example, six jurors could decide that appellant touched S.B=s genitals while
the other six jurors could decide that S.B. touched appellant=s genitals.  This,
appellant argues, is reversible error because it allegedly violated his right
to a unanimous verdict. 








Appellant failed to object at trial to the jury charge. 
Therefore, we reverse only if appellant shows that he suffered actual,
egregious harm.  Almanza v. State, 686  S.W.2d 157, 171 (Tex. Crim. App.
1984); see also Cartwright v. State, 833 S.W.2d 134, 136-137 (Tex. Crim.
App. 1992) (explaining that Almanza redefined Afundamental error@ as Aegregious error
that creates such harm as to deprive [an] accused of a fair and impartial
trial.@ (quoting Ex
Parte Maldonado, 688 S.W.2d 114, 116 (Tex. Crim. App.1985))).  For charge
error to result in egregious harm, it must affect Athe very basis of
the case,@ Adeprive the defendant of a valuable right,@ or Avitally affect a
defensive theory.@  Ngo v. State, 175 S.W.3d 738, 750
(Tex. Crim. App. 2005) (quoting Hutch v. State, 922 S.W.2d 166,
171 (Tex. Crim. App. 1996)).








Appellant was not convicted of the lesser-included offense
of indecency with a child.  The jury found him guilty of the greater offense of
aggravated sexual assault.  In Clark v. State, 717 S.W.2d 910 (Tex.
Crim. App. 1986), the defendant argued that the instructions on the
lesser-included offense of murder were fundamentally defective in that they
failed to require the jury to find a culpable mental state.  Id. at
917.  The Court of Criminal Appeals, keeping in line with prior holdings,[2]
held any error in the lesser-included offense instruction was not fundamentally
defective in view of the fact that the jury convicted the defendant of the
greater offense of capital murder.  Id. at 918.  In accordance with Clark,
any error here in the lesser-included indecency with a child instruction must
not be egregious because the jury convicted appellant of the greater offense of
aggravated assault and thus, had no reason to consider the lesser-included
offense instructions.  See Clark, 717 S.W.2d at 918 (AWhen the jury
found that the appellant was guilty of criminal attempt to commit murder it had
no occasion to deliberate whether the appellant was guilty of the lesser
included offense [of aggravated assault].@ (quoting
Thomas v. State, 587 S.W.2d 707 (Tex.Cr.App.1979))); see also Cartwright,
833 S.W.2d 134 (defining fundamental error as egregious error). 
Therefore, we hold that even if the charge was erroneous, the error does not
rise to the level of egregious harm.  We overrule appellant=s second point of
error.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 16, 2006.

Panel consists of
Chief Justice Hedges and Justice Seymore and Senior Justice Mirabal.[3]

Do Not Publish C Tex. R. App. P. 47.2(b).    

 

 









[1]  The judge alluded to the proposed testimony in
stating: AYou listen.  You will not go into any testimony about
your wife having sex with dogs in Las Vegas or kissing other women or any of
this other stuff.  You understand?@





[2]  The line of cases that Clark acknowledged in
reaching its decision were:  Thomas v. State, 587 S.W.2d 707 (Tex. Crim.
App. 1979), O'Pry v. State, 642 S.W.2d 748 (Tex. Crim. App. 1982), and Garrett
v. State, 642 S.W.2d 779 (Tex. Crim. App. 1982).  See Saunders v. State, 913 S.W.2d 564, 570 (Tex. Crim.
App. 1995) (explaining the Clark court=s post-Almanza reaffirmation of the Thomas
line of holdings).  





[3]  Senior Justice Margaret G. Mirabal sitting by
assignment.