Opinion issued April 27, 2007

 

 



 










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-05-01126-CR

____________


WAYNE O'HARA CAMPBELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1047325






CONCURRING OPINION

 I respectfully concur in the judgment only. The language in the jury charge
complained of by appellant states:

 Now, if you find from the evidence beyond a reasonable doubt
that on or about the 13th day of May, 2005, in Harris County,
Texas, the defendant, Wayne O'Hara Campbell, did then and
there unlawfully, intentionally or knowingly threaten Demetra
Ariran with imminent bodily injury by using or exhibiting a
deadly weapon, namely, a knife, then you will find the defendant
guilty of aggravated assault, as charged in the indictment.


 Unless you so find from the evidence beyond a reasonable
doubt, or if you have a reasonable doubt thereof, you will acquit
the defendant of aggravated assault, and next consider whether
the defendant is guilty of terroristic threat. . . .


 [I]f you find from the evidence beyond a reasonable doubt that
in Harris County, Texas, on or about the 13th day of May, 2005,
the defendant, Wayne O'Hara Campbell, did then and there
unlawfully, threaten violence to Demetra Ariran or place Demetra
Ariran in fear of imminent serious bodily injury, then you will
find the defendant guilty of terroristic threat.


 Unless you so find from the evidence beyond a reasonable
doubt, or if you have a reasonable doubt thereof, you will acquit
the defendant of terroristic threat and next consider whether the
defendant is guilty of assault. . . .


 If you believe from the evidence beyond a reasonable doubt
that the defendant is guilty of either aggravated assault or
terroristic threat, but you have a reasonable doubt as to which of
said offenses he is guilty, then you must resolve that doubt in the
defendant's favor and find him guilty of the lesser offense of
terroristic threat.


 If you believe from the evidence beyond a reasonable doubt
that the defendant is guilty of either terroristic threat or assault,
but you have a reasonable doubt as to which of said offenses he
is guilty, then you must resolve that doubt in the defendant's
favor and find him guilty of the lesser offense of assault.


 If you have a reasonable doubt as to whether the defendant is
guilty of any offense defined in this charge, you will acquit the
defendant and say by your verdict "Not Guilty."


(Emphasis added.) 

 Appellant contends the charge is erroneous in that the jury was required to
acquit appellant of aggravated assault unanimously before it could move on to
consider the lesser-included offenses. That contention misreads the charge. The
charge says that (a) unless the jurors as a whole, or unanimously, find beyond a
reasonable doubt that the defendant is guilty of the greater offense of aggravated
assault or (b) if, as a whole, or unanimously, they do not agree that the defendant is
guilty of the greater offense of aggravated assault and, therefore, have a reasonable
doubt as to his guilt of the greater offense, they must acquit him of the greater offense
and then consider the lesser offense of terroristic threat--and so on down the chain
of lesser included offenses. The necessary implication is that a lack of unanimity as
to guilt--and not unanimity as to acquittal--must produce a verdict of acquittal on
any offense charged.

 The instruction given to the jurors, while hardly a model of clarity, is not
erroneous. It adequately instructs the jury that if any of them has a reasonable doubt
about the defendant's guilt on the greater charge the defendant must be acquitted of
that charge; therefore, they should consider the defendant acquitted of that charge and
so consider the next offense. There is nothing in the charge that instructs the jurors
that they cannot change their minds during deliberations prior to rendition of the
verdict and agree that whatever doubts any of them had about the greater offense that
prevented a guilty verdict on that offense have been assuaged. Indeed, the charge
expressly recognizes that the jurors may change their minds as they deliberate. It,
therefore, instructs them, "If you believe from the evidence beyond a reasonable
doubt that the defendant is guilty of either aggravated assault or terroristic threat, but
you have a reasonable doubt as to which of said offenses he is guilty, then you must
resolve that doubt in the defendant's favor and find him guilty of the lesser offense." 

 The exact opposite of appellant's complaint was made previously by the
appellant in Boyett v. State, namely, that the jury should have been instructed to
acquit the defendant of the greater offense before addressing the lesser. 692 S.W.2d
512 (Tex. Crim. App. 1985). The instruction complained of in Boyett stated, in
relevant part, "Unless you so find [i.e., that the defendant is guilty of the greater
offense], or if you have a reasonable doubt thereof, you should consider whether or
not the defendant is guilty of the lesser included offense of [offense named]." Id. at
515 (emphasis added). The appellant complained that the instruction should have
advised the jurors--as it does here--that "if you do not so believe, [the defendant is
guilty of the greater offense] or if you have reasonable doubt thereof, you will acquit
the defendant of [the greater offense] and proceed to consider whether the defendant
is guilty of the [lesser offense]." Id. (emphasis added). The Court of Criminal
Appeals stated:

 We agree with appellant that the charge given in the instant case should
have more explicitly instructed the jurors that if they did not believe, or if
they had reasonable doubt of appellant's guilt of the greater offense, they
should acquit appellant and proceed to consider whether appellant was
guilty of the lesser included offense. . . . However, the instruction given,
although not a model charge, essentially instructed the jurors to acquit,
without specifically using the word "acquit", by stating that if the jurors had
a reasonable doubt as to the guilt of appellant to the greater offense, they
should next consider the lesser included offense. This instruction properly
informed the jurors to consider appellant's requested instructions on lesser
included offenses. . . . The charge read as a whole adequately instructed the
jurors about acquitting appellant and about considering the lesser included
offenses requested by appellant.


Id. at 516 (internal citations omitted) (emphasis added).

 In this case, appellant complains that the instruction to acquit of the greater
charge before addressing the lesser--the instruction sought by the appellant in Boyett
and held to be correct by the Court of Criminal Appeals--is the error and, therefore,
implicitly seeks a return to the instruction complained of in Boyett. I would not
engage in this round robin. The majority, however, indulges appellant--at least
sufficiently to assume error and conduct a harmless error analysis--only to conclude
that appellant suffered no harm from the instruction. 

 Because I think appellant's reasoning is faulty and the law is clear, I do not
agree that the instruction is erroneous. (1) Because I otherwise agree with the majority,
I concur in the judgment affirming appellant's conviction.





 Evelyn V. Keyes

 Justice

 


Panel consists of Justices Taft, Keyes, and Hanks.


Justice Keyes, concurring.


Publish. See Tex. R. App. P. 47.2(b).



1. As the majority states, a long line of cases holds that any error in the submission of
a lesser-included offense is not reversible when the jury has found the accused guilty
of the greater offense. See O'Pry v. State, 642 S.W.2d 748, 765 (Tex. Crim. App.
1982); Thomas v. State, 587 S.W.2d 707, 708-09 (Tex. Crim. App. 1979); DeRusse
v. State, 579 S.W.2d 224, 233 (Tex. Crim. App. 1979); see also Parson v. State, 193
S.W.3d 116, 127 (Tex. App.--Texarkana 2006, pet. ref'd). The rationale for this line
of cases is that, once the jury convicts an accused of the greater offense charged,
having been properly charged as to that offense, it has no occasion to consider
whether appellant might be guilty of the lesser-included offense. See O'Pry, 642
S.W.2d at 765. Here, the jury, having found appellant guilty of the greater offense of
aggravated assault, had no occasion to consider lesser included offenses. Therefore,
I agree that, had the instructions regarding consideration of lesser included offenses
been erroneous, appellant still would not have been harmed by the failure of the jury
to consider those offenses because there was no occasion to reach them in his case.